Robert STERLING *v.* UPJOHN HEALTHCARE
SERVICES, INC. and Steve Warren

88-277                                                     772 S.W.2d 329

Supreme Court of Arkansas
Opinion delivered June 26, 1989

*Perroni, Rauls & Looney, P.A.,* by: *Stanley D. Rauls,* for appellant.

*Friday, Eldredge & Clark,* by: *James W. Moore* and *Michael S. Moore,* for appellee.

ROBERT H. DUDLEY, Justice. This is an appeal from a summary judgment order in favor of the appellees, dismissing the appellant's claim for the tort of outrage, or intentional infliction

of emotional distress. A separate count for slander remains to be decided, but the trial court entered an appropriate order under ARCP Rule 54(b), allowing the appellant to appeal on this separate issue. We affirm the trial court's order granting summary judgment on the count for the tort of outrage.

The proof submitted with a summary judgment motion must be viewed most favorably to the party resisting the motion, *Leigh Winham, Inc.* v. *Reynolds Ins. Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983); so we construe the facts most favorably to the appellant in this case, Robert Sterling. The facts, so viewed, are as follows. Sterling was hired as administrator for Upjohn Healthcare Services, Inc. on June 16, 1984. He supervised employees in the Little Rock office of Upjohn, and he, in turn, was supervised by Steve Warren who was with the company's regional office in Kansas City. Warren took a dislike to Sterling, and from about August 1, 1984, until December 1985 made various attempts to undermine Sterling's authority with his employees and to have him fired. Warren falsely told other Upjohn employees that Sterling was always drunk, falsely accused Sterling of making untrue statements on his job application, delayed the processing of Sterling's expense vouchers, as well as those of other employees who would blame Sterling for the delay, asked employees under Sterling's supervision to watch Sterling and report back to him periodically, instructed Sterling not to communicate with other employees and to route all questions to him, and finally, cursed Sterling, becoming violent when discussing him with other employees.

Sterling contends that Warren's conduct made it impossible for him to perform his duties as administrator. He resigned his position on December 7, 1985, but the company refused to accept the resignation and fired him on December 11, 1985. Sterling was denied unemployment benefits because Upjohn reported that he was fired for failing to follow a direct management order, spending work time on personal business ventures, and for gross misconduct.

Sterling filed suit against Upjohn and Warren, asserting causes of action for slander and for the tort of outrage, or intentional infliction of emotional distress. The appellees filed a motion for summary judgment. The trial court found that even viewing the facts most favorably to the appellant, they were not

sufficient to support a claim for the tort of outrage, and granted the appellee's motion on that count.

The trial court's ruling was correct. The employer's conduct in this case simply does not meet the standard of egregiousness required to sustain a claim for outrage. In two recent cases, *Ingram* v. *Pirelli Cable Corp.*, 295 Ark. 154, 747 S.W.2d 103 (1988), and *Sterling Drug, Inc.* v. *Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988), employees were subjected to much more objectionable treatment, and we held that there was not enough evidence to support a jury verdict for outrage. We have taken a strict view of claims for outrage in employment situations. *Ingram, supra.* This is because an employer must be given a certain amount of latitude in dealing with employees. "In order to sustain a claim for outrage, conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *M.B.M. Co.* v. *Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980). The conduct here simply does not meet that standard. Accordingly, summary judgment was proper. *See Deason* v. *Farmers and Merchants Bank of Rogers*, 299 Ark. 167, 771 S.W.2d 749 (1989).

Affirmed.