_____

No. 95-2987
_____

Jerry Freeman; David White;     *
Dale Lile, *
                         *
    Plaintiffs - Appellants,   *
                         *  Appeal from the United States
    v.                    *  District Court for the
                         *  Eastern District of Arkansas.
Bechtel Construction Company,   *
                         *
    Defendant - Appellee.      *

_____

Submitted: February 12, 1996

Filed: July 8, 1996
_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

In this diversity action, three former employees of Bechtel Construction Company ("Bechtel") appeal the dismissal of their claims for the tort of outrage and for defamation that arose out of a disciplinary episode at their Arkansas workplace. We accept as true the facts alleged by plaintiffs in their amended complaints for purposes of reviewing the Rule 12(b)(6) dismissals. See Sharps v. United States Forest Serv., 28 F.3d 851, 853 (8th Cir. 1994). Agreeing with the district court[1] that the complaints fail to state a claim on which relief may be granted, we affirm.

_____

[1]The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas.

Plaintiffs are journeymen pipefitters who at the time in question were working for Bechtel on a project at the Entergy, Inc., Nuclear One power plant in Russellville, Arkansas. Jerry Freeman was a Mechanical Superintendent; David White and Dale Lile were Foremen. A female pipefitter complained to Bechtel that Freeman had made a sexually harassing remark to her, in the presence of White and Lile. Bechtel investigated and advised that the matter would be dropped. Dissatisfied, the complainant raised the issue with Entergy. That prompted Bechtel to investigate further, which culminated in an arbitration hearing at the job site. After the hearing, Bechtel determined that Freeman had made a harassing remark which White and Lile failed to report. It suspended all three for five days, and demoted Freeman.

Unable to obtain relief under the collective bargaining agreement between Bechtel and the pipefitters' union, plaintiffs filed these two consolidated actions. Count One of their parallel complaints alleged the tort of outrage (intentional infliction of emotional distress). Counts Two and Three alleged defamation by libel and by slander. Prior to deposition discovery, Bechtel filed motions to dismiss for failure to state a claim. The district court granted those motions, and plaintiffs appeal.

**Count One -- Tort of Outrage.** The Arkansas Supreme Court takes "a very narrow view of claims for the tort of outrage." The conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." Ross v. Patterson, 817 S.W.2d 418, 420 (Ark. 1991). The trial court must initially determine whether conduct may reasonably be regarded as so outrageous as to permit recovery. See Smith v. American Greetings Corp., 804 S.W.2d 683, 686 (Ark. 1991). Review of outrage claims in employment situations is particularly strict because "an employer must be given a certain

amount of latitude in dealing with employees."  Sterling v. Upjohn Healthcare Servs., Inc., 772 S.W.2d 329, 330 (Ark. 1989).

In this case, plaintiffs allege that Bechtel, after initially finding plaintiffs innocent of the sexual harassment complaint, then proceeded to discipline them while "entertain[ing] serious doubts about the truthfulness of the [complainant's] statement," knowing that "severe emotional distress would be the result."  We agree with the district court that "Arkansas law is replete with employment cases in which conduct far more objectionable than that described in this case still was found insufficient to equal the tort of outrage."  See, e.g., Smith, 804 S.W.2d at 685; Sterling, 772 S.W.2d at 330; Puckett v. Cook, 864 F.2d 619, 622 (8th Cir. 1989).  Therefore, plaintiffs failed to state an outrage claim.

**Count Two -- Defamation by Libel.**  In this count, plaintiffs allege that a "written, permanent report" of the reason for their discipline "will go into the file kept by [Bechtel]"; that the report contains an "obvious defamatory statement"; and that the file "is kept in a central location where anyone has access, not just individuals that [are] deemed necessary to further any [Bechtel] interest."  We agree with the district court that these allegations are deficient.

In the first place, the core allegation is speculative -- a permanent report "will go" into permanent files at Bechtel.  Second, no specific defamatory statement is alleged.  It is not "obvious" to us that such a report would contain a defamatory statement.  For example, a report that simply stated that the female pipefitter complained, that Bechtel investigated and determined the complaint was well founded, and that plaintiffs were disciplined based upon that determination, would contain no statement that is even arguably false, an essential element of defamation torts.  See Mitchell v. Globe Int'l Pub., Inc., 773 F. Supp. 1235, 1238 (W.D. Ark. 1991).

Third, plaintiffs failed to allege that the reports have in fact been published to a nonprivileged third party. Arkansas law recognizes a qualified privilege for employers and supervisory employees dealing with matters that affect their business. See Ikani v. Bennett, 682 S.W.2d 747, 749 (Ark. 1985); Dillard Dept. Stores, Inc. v. Felton, 634 S.W.2d 135, 137 (Ark. 1982). The investigation of charges of sexual harassment and the recording of discipline in an employee's personnel file would fall within the scope of this privilege.

In these circumstances, unless the complaints set forth the alleged defamatory statements and identify the persons to whom they were published, Bechtel is unable "to form responsive pleadings." Asay v. Hallmark Cards, Inc. 594 F.2d 692, 699 (8th Cir. 1979). Count Two failed in this regard and was properly dismissed.

**Count Three -- Defamation by Slander.** In Count Three, plaintiffs allege that defamatory statements were made that each plaintiff made or condoned a sexually harassing statement and was disciplined, and that these statements were "orally published around the whole job site and the town of Russellville." The district court dismissed this count because the complaints "fail to state how [Bechtel] caused this alleged publication." We agree.

The complaints allege generally that every statement by a Bechtel employee is attributable to Bechtel under the law of agency because made in the ordinary course of business. That is, of course, a gross exaggeration. Many statements by non-management employees, even statements made "around the whole job site," are not made in the course of their employment. And many statements made around the job site would be entitled to a qualified privilege, for example, statements made in implementing grievance procedures with the union. Thus, the vague publication allegations in Count Three suffer from the same deficiencies as those in Count Two -- they do not identify the defamatory statements with any

-4-

specificity, they do not identify the manner of oral publication, and they do not allege that Bechtel (that is, a Bechtel agent acting within the scope of that agency) published the statements to a nonprivileged recipient.

When a defamation complaint fails to state a claim, it may be error to dismiss the complaint or strike the deficient allegations without giving plaintiffs a chance to amend. See Asay, 594 F.2d at 699. But here, plaintiffs never requested an opportunity to amend. Rather, they requested an opportunity to take numerous depositions, confirming that their defamation allegations were made without supporting facts in the hope that they would be permitted to embark upon a classic fishing expedition. The district court properly cut short that abuse of the liberal federal pleading rules by granting Rule 12(b)(6) dismissals.

The judgment of the district court is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.