# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2843

_____

Shirley Curd,                           *
                                        *
            Appellant,                  *
                                        *
      v.                                *
                                        *
Hank's Discount Fine Furniture, Inc.,   *   Appeals from the United States
                                        *   District Court for the
            Appellee.                   *   Eastern District of Arkansas.

[PUBLISHED]

_____

No. 00-3319

_____

Shirley Curd,                           *
                                        *
            Appellant,                  *
                                        *
      v.                                *
                                        *
Hank's Discount Furniture, Inc.; Hank   *
Browne, individually; Jennifer Browne,  *
individually; Ron Gatto, individually,  *
                                        *
            Appellees.                  *

_____

Submitted:  October 18, 2001
Filed:  December 5, 2001
_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.
_____

PER CURIAM.

Shirley Curd appeals the district court's[1] grant of summary judgment to Hank's Discount Furniture (Hank's), in her lawsuit under Arkansas state law and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII).  Curd also challenges the dismissal of another lawsuit that she brought under 42 U.S.C. § 1985. We affirm both judgments.

Hank's, which operates a chain of furniture stores, had employed Curd as an office manager at its Searcy, Arkansas store.  During the period in question, Ron Gatto supervised ten of Hank's twenty stores, including the Searcy store.  In an e-mail dated May 20, 1999, Curd complained to Gatto that she was offended upon seeing "a salesman standing on the showroom floor with his pants open tucking in his shirt," and added that she had "voiced [her] opinion about this on numerous occasions in [the] store."  On June 26, Hank's terminated Curd.  Hank's later opposed Curd's application for unemployment benefits, which the Arkansas Employment Security Division (ESD) denied initially but later granted after holding a hearing.

Curd sued Hank's, alleging that Hank's had discharged her in retaliation for sending the e-mail concerning shirt-tucking, and had committed the state law tort of

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

outrage by wrongfully opposing her application for unemployment benefits. The district court granted summary judgment for Hank's. As to the Title VII claim, the court found that Curd had not shown the purported reasons for her discharge--poor work performance, a bad attitude, customer complaints of rudeness, and slapping her manager--were pretext for a retaliatory motive. The court also found that Curd's state-law claim for outrage failed because Hank's actions were not extreme and outrageous.

Meanwhile, Curd brought a lawsuit under 42 U.S.C. § 1985(2) and state law against Hank's; its owner, Hank Browne; his daughter Jennifer Browne, who represented Hank's in Curd's initial case; and Gatto. Upon defendants' motion, the district court dismissed Curd's complaint on several alternative grounds, including that she failed to state a claim.

In these consolidated appeals, Curd challenges both judgments and several pre-judgment rulings, namely, the district court's refusal to compel the ESD to produce documents, and the court's refusal to disqualify Judge Eisele for bias, or to levy sanctions against Hank's.

Upon our de novo review of the summary judgment record, we conclude the district court properly entered judgment in favor of Hank's because Curd did not make out a prima facie case of retaliation or a state law outrage claim. See Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998) (standard of review; this court affirms grant of summary judgment if evidence, viewed in light most favorable to non-moving party, shows there is no genuine issue of material fact and moving party is entitled to judgment as matter of law).

To establish a prima facie case of retaliation, Curd had to show that she engaged in protected activity, she was subjected to an adverse employment action, and a causal connection existed between the protected activity and the adverse

employment action. See Buettner v. Arch Coal Sales Co., 216 F.3d 707, 713-14 (8th Cir. 2000) (prima facie case), cert. denied, 531 U.S. 1077 (2001).

We do not believe Curd's e-mail was protected activity. See Clark County Sch. Dist. v. Breeden, 121 S. Ct. 1508, 1509-10 (2001) (per curiam) (to provide basis for sexual harassment retaliation claim, complaint must have been about conduct that a reasonable person could have found violated Title VII, that is, conduct that could reasonably be found to be so severe or pervasive as to alter a term or condition of employment); Folkerson v. Circus Circus Enters., Inc.,107 F.3d 754, 755-56 (9th Cir. 1997).

In the alternative, we do not believe Curd met the causation requirement based on the time lapse between the e-mail and her discharge, and the lack of other evidence linking the two. See Sherman v. Runyon, 235 F.3d 406, 410 (8th Cir. 2000) (timing of discharge should be evaluated in light of other evidence or lack of evidence).

Further, we agree with the district court that Curd did not present evidence of extreme and outrageous conduct, as required to maintain a tort-of-outrage claim. In the employment context, an at-will employee cannot predicate a claim of outrage on the mere fact that she was discharged, see City of Green Forest v. Morse, 873 S.W.2d 155, 156 (Ark. 1994); rather, the employer must have discharged her in a manner which breached its duty to refrain from conduct that is so extreme and outrageous as to go beyond all possible bounds of decency and to be utterly intolerable in a civilized society, see Unicare Homes, Inc. v. Gribble, 977 S.W.2d 490 (Ark. Ct. App. 1998). We conclude Hank's conduct fell short of that standard as a matter of law. Cf. Sterling v. Upjohn Healthcare Servs., Inc., 772 S.W.2d 329, 330 (Ark. 1989) (supervisor's pattern of conduct designed unjustifiably to discharge plaintiff, including falsely accusing plaintiff of lying on his job application, falsely telling co-workers plaintiff was always drunk, and requesting other employees to spy on plaintiff, did not meet standard of egregiousness required for tort of outrage).

-4-

As to the other issues Curd raises, we affirm the district court without further comment.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.