# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1824

_____

Selena Marquez,

        Appellant,

v.

Bridgestone/Firestone, Inc.,

        Appellee.

Appeal from the United States
District Court for the
Southern District of Iowa.

[PUBLISHED]

_____

Submitted: December 19, 2003
Filed: January 12, 2004

_____

Before LOKEN, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

_____

PER CURIAM.

Selena Marquez, a Laotian female, sued her employer, Bridgestone/Firestone, Inc. ("Bridgestone"), for employment discrimination, alleging that Bridgestone discriminated against her because of her race or ethnic origin. The district court[1] granted summary judgment for Bridgestone, and Marquez appeals. We affirm the judgment of the district court.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to Marquez and drawing all justifiable inferences in favor of Marquez. Putman v. Unity Health Sys., 348 F.3d 732, 733 (8th Cir. 2003). Because Marquez offered no direct evidence of discrimination, the district court correctly applied the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Under this framework, a plaintiff has the burden of establishing a prima facie case of discrimination. Putman, 348 F.3d at 735. Once a prima facie case is established, the burden shifts to the employer to produce a legitimate, nondiscriminatory reason for the adverse employment action. Id. If the employer is able to articulate such a reason for the adverse employment action, the burden shifts back to the plaintiff to show that the employer's proffered reason is merely a pretext for race discrimination. Id.

As part of her prima facie case, Marquez was required to offer some evidence which would give rise to an inference of unlawful discrimination. See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54 (1981); Putman, 348 F.3d at 735-36. Marquez chose to establish her prima facie case by showing, among other elements, that similarly situated employees were treated more favorably. We agree with the district court that Marquez did not establish her prima face case of race discrimination because she did not carry the burden she assumed by demonstrating that Bridgestone treated similarly situated employees more favorably. See Gilmore v. AT&T, 319 F.3d 1042, 1046 (8th Cir.), cert. denied, 124 S. Ct. 405 (2003). While Marquez did identify many incidents in which she alleges that she was discriminated against, she failed to offer any evidence that other employees, who were not in the protected class, were similarly situated. To show that other employees were similarly situated, Marquez was required to point to individuals who "have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000). Marquez offered nothing more than her opinion that other employees were not treated similarly. Marquez must substantiate her allegations with

more than "speculation, conjecture, or fantasy" in order to survive summary judgment. Putman, 348 F.3d at 733-34 (citation and internal marks omitted).

In addition, we agree with the district court that even assuming that Marquez established a prima facie case, Marquez's lengthy disciplinary record provided Bridgestone with a legitimate and nondiscriminatory reason for its actions. Because Marquez failed to demonstrate that Bridgestone's proffered reason was false or a pretext for discrimination, the district court properly granted summary judgment. See Gilmore, 319 F.3d at 1046-47.

For the reasons stated, we affirm the judgment of the district court.

_____