# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2693

_____

George Spann,                              *
                                           *
            Appellant,                     *
                                           *   Appeal from the United States
      v.                                   *   District Court for the
                                           *   Eastern District of Arkansas.
Arkansas Department of Finance and         *
Administration,                            *        [UNPUBLISHED]
                                           *
            Appellee.                      *

_____

Submitted: April 7, 2004
    Filed:  April 9, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

George Spann (Spann), who is African American, sued his employer, the Arkansas Department of Finance & Administration (ADFA), after he was denied a position upgrade and raise. Spann claimed race and gender discrimination under Title VII. After a bench trial, the district court[1] entered judgment for ADFA. Spann appeals, and we affirm. See Johnson v. Ark. State Police, 10 F.3d 547, 552 (8th Cir.

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

1993) (citing Fed. R. Civ. P. 52(a), which provides factual findings are reviewed for clear error, and due regard shall be given to trial judge's credibility determinations).

We agree with the district court that Spann presented little evidence of race discrimination, and we reject Spann's attempt on appeal to recast his lawsuit as one based on combined race and gender discrimination. We also agree with the district court that Spann did not prove that ADFA's legitimate nondiscriminatory reason for denying Spann an upgrade and raise in May 2001--i.e., Spann's suspension in February 2001 made him ineligible under established policy--was a pretext for gender discrimination. See id. at 551 (ultimate burden of persuading trier of fact that defendant intentionally discriminated remains with plaintiff). Contrary to Spann's assertions on appeal, his female coworkers who were disciplined differently or who received position upgrades or bonuses were not similarly situated to him. See Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004) (per curiam) (plaintiff must point to individuals who have dealt with same supervisor, have been subject to same standards, and who engaged in same conduct without mitigating or distinguishing circumstances). While one of the policies at issue was unwritten and Spann's female supervisors exercised some discretion in determining the appropriate discipline, these facts were insufficient to establish pretext. See Edmund v. MidAm. Energy Co., 299 F.3d 679, 686 (8th Cir. 2002) (federal courts do not sit as super-personnel departments reviewing wisdom or fairness of employer's judgments, unless they were intentionally discriminatory); cf. Taylor v. White, 321 F.3d 710, 717 (8th Cir. 2003) (unwritten nature of salary-retention policy, or presence of subjectivity or informality in structure or administration of policy, alone, cannot support inference of discrimination).

Accordingly, we affirm.

_____

-2-