# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3456

_____

Mary Bearden,                                    *
                                                 *
    Plaintiff - Appellant,               *    Appeal from the United States
                                                 *    District Court for the Eastern
    v.                                   *    District of Arkansas.
                                                 *
International Paper Company,                      *
                                                 *
    Defendant - Appellee.                *

_____

Submitted: May 16, 2008
Filed: June 26, 2008

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Mary Bearden brought this action against her former employer International Paper Company (International Paper), alleging she was wrongfully discharged because of her sex and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. She also alleged violation of the Equal Pay Act (EPA), 29 U.S.C. § 206(d)(1), and defamation under Arkansas law. International Paper moved for

summary judgment on all of Bearden's claims. The district court[1] granted the motion, and Bearden appeals. We affirm.

Bearden, who was born in 1949, was discharged from International Paper in September 2005 after 32 years of employment, most recently as a purchasing supervisor. Her responsibilities included negotiating contracts with suppliers and purchasing items not maintained in stock. Bearden's termination occurred following her alteration of a purchase requisition without apparent authorization.

Both Bearden and her husband worked at International Paper's mill in Pine Bluff, Arkansas. Bearden's husband worked as a maintenance mechanic and used a bicycle to get around the plant and to transport materials and tools. After it was damaged beyond repair in an accident, he requested approval for a replacement from the operations manager of the department in which the bicycle had been damaged. The manager told him he would try to get the bicycle replaced but that his supervisor would first need to authorize the purchase; both of the requisitions he submitted to his supervisor were denied. Mrs. Bearden claims that she also spoke to the operations manager who told her about his difficulty in getting a requisition for the bicycle and advised her to purchase one with her corporate credit card. Instead Bearden decided to proceed without authorization to alter an already approved requisition form for a bicycle purchase. She changed the number on the bicycle requisition form to two, procuring an additional $563 bicycle and charging it to the wrong cost center.

International Paper's customary approval process for purchase requisitions calls for signatures by the appropriate department supervisor or manager. The requisitions are then deposited with the Purchasing Department, which verifies approval by the proper authority and submits them for review and signatures at a requisition review

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

meeting. After two managers noticed that Bearden's husband was riding on a new bicycle and found that its purchase had not been approved, Bearden admitted that she had added the bicycle to another approved requisition. She apologized and said she would not do it again. Her modification of the requisition was discussed at a meeting which Bearden and numerous management and human resources personnel attended. While Bearden stated that she believed she had authority to change requisitions, managers disagreed. They pointed out that she had known that her husband's request for the bicycle purchase had been denied and that her action was unauthorized. During a subsequent meeting, International Paper informed Bearden that she had acted in a deceitful manner and had breached the company's trust. Soon thereafter she was terminated for altering the requisition form without authorization and after management had denied the request for a new bicycle for her husband.

Bearden then brought this case against International Paper alleging a number of causes of action. The district court granted the company's motion for summary judgment on all of her claims. Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). We review the district court's grant of summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. Skare v. Extendicare Health Serv., Inc., 515 F.3d 836, 840 (8th Cir. 2008).

An employee may establish unlawful employment discrimination through direct or indirect evidence. See Kratzer v. Rockwell Collins, Inc., 398 F.3d 1040, 1045 (8th Cir. 2005). Since Bearden has offered no credible claim of direct evidence of discrimination on the basis of gender or age, we apply the framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to determine whether she has established a prima facie case. Accordingly, Bearden must show that (1) she was a member of the protected group; (2) she was qualified to perform the job; (3) she suffered an adverse employment action; and (4) circumstances permit an inference of discrimination. See Clegg v. Arkansas Dept. of Corr., 496 F.3d 922, 926 (8th Cir. 2007). A prima facie case creates a presumption of unlawful discrimination, shifting

the burden of proof to the employer to present evidence of a legitimate, nondiscriminatory reason for its adverse employment action. See Brannum v. Missouri Dept. of Corr., 518 F.3d 542, 548 (8th Cir. 2008). If the employer can articulate a nondiscriminatory reason, the burden returns to the employee to prove that the proffered reason is pretextual. Id. In light of her lengthy employment history we assume that Bearden was qualified to perform her job. It is not disputed that her termination was an adverse employment action. Our focus thus centers on whether the circumstances of her termination allow an inference of discrimination.

First addressing Bearden's gender discrimination claim, we conclude that the district court did not err in dismissing it. Bearden has not shown that she was treated differently from similarly situated male employees to give rise to an inference of gender discrimination. See Wells v. SCI Mgmt., L.P., 469 F.3d 697, 701 (8th Cir. 2006). The male employees whom Bearden identified as having suffered less severe consequences for violating company procedures were not similarly situated since they did not engage in the same or similar conduct for which she was terminated. Cf. id., Shaffer v. Potter, 499 F.3d 900, 905 (8th Cir. 2007) (plaintiff failed to present evidence of a similarly situated male with same conduct but not terminated). None of the alleged infractions by other employees related to an unauthorized modification of an already approved requisition. See Walker v. AT&T Techs, 995 F.2d 846, 849 (8th Cir. 1993) (employer may exercise business judgment in personnel decisions).

The district court's ruling in favor of International Paper on Bearden's age discrimination claim was also not erroneous. The Age Discrimination in Employment Act forbids an employer from discharging or intentionally discriminating against an employee because of that individual's age. 29 U.S.C. § 623(a)(1). As there is no direct evidence of age discrimination in this case, we again apply the McDonnell Douglas framework. Bearden thus had the burden to establish a prima facie case by demonstrating that she, a member of the protected class of employees over the age of 40 and qualified to perform her job, was replaced by a sufficiently younger person to permit an inference of age discrimination. See Hammer v. Ashcroft, 383 F.3d 722,

726 (8th Cir. 2004). Bearden merely asserted her belief that she was replaced by a younger employee, which International Paper refuted by evidence that her duties were subsequently performed by a person who is eight years older than her. See Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004) (per curiam) (plaintiff must offer more than speculation, conjecture, or fantasy in support of claims at summary judgment stage).

Even if we assumed that Bearden established prima facie cases of gender and age discrimination, she did not overcome International Paper's proffered legitimate nondiscriminatory reason for her termination – that she violated company procedures by modifying an approved requisition contrary to a management decision.[2] Bearden has not shown that her firing was pretextual. See, e.g., Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 853-55 (8th Cir. 2005). The record includes no examples of other employees altering requisitions without authorization. International Paper's imposition of different sanctions on employees with different job duties who failed to comply with rules of varying levels of seriousness does not permit an inference that Bearden's termination was merely a pretext for a discriminatory motive. See Wheeler v. Aventis Pharm., 360 F.3d 853, 857 (8th Cir. 2004) (test whether employees are similarly situated is rigorous at pretext stage); Johnson v. Ready Mixed Concrete Co., 424 F.3d 806, 811 (8th Cir. 2005) ("Violations of different company policies do not necessarily support an inference that employees are similarly situated, particularly where one violation is considered more serious than the other.").

Bearden also argues that International Paper discriminated against her in violation of the EPA, 29 U.S.C. § 206(d)(1). To succeed under the EPA, a plaintiff must prove that the employer discriminated on the basis of sex by paying different

---

[2]Since this is not a disparate impact case, International Paper did not have the burden under 29 U.S.C. § 623(f) of showing that its action was based on a reasonable factor other than age. Cf. Meacham v. Knolls Atomic Power Lab., Inc., No. 06–1505, 554 U.S. __ (June 19, 2008).

wages to men and women performing equal work under similar conditions. Brown v. Fred's, Inc., 494 F.3d 736, 740 (8th Cir. 2007). Whether different employees are performing equal work does not necessarily depend on job titles, but rather on the actual requirements of the job. See Holland v. Sam's Club, 487 F.3d 641, 645 (8th Cir. 2007). Once an employee has established a prima facie case, the burden shifts to the employer to prove any of four statutory affirmative defenses. Taylor v. White, 321 F.3d 710, 715 (8th Cir. 2003).

Bearden seeks to base her EPA claim on a comparison between her salary at International Paper to that of former colleagues. The district court examined the factual record in detail and concluded that the positions of former colleagues whom Bearden cited as examples in support of her EPA claim were not substantially equal because the jobs entailed different skill, effort, and responsibility and were not performed under similar conditions. See Tenkku v. Normandy Bank, 348 F.3d 737, 740 (8th Cir. 2003). For example, while Bearden's function was essentially confined to negotiating contracts with suppliers and purchasing items, her former colleague Barney Burns bore responsibility for managing and safeguarding the mill's $17,000,000 inventory and supervised a crew of eleven hourly employees. The district court did not err in granting summary judgment on Bearden's EPA claim in light of her failure to provide evidence that she was paid differently for equal work.

Finally, Bearden asserts a state law defamation of character claim. She alleges that in front of two employees a company manager called her conduct dishonest and stealing. She also asserts that another manager untruthfully announced to his staff that Bearden had been terminated for a gross violation of policy. International Paper argues that managerial conversations were subject to qualified privilege under Arkansas law since their purpose was to discuss the reasons for termination of an employee responsible for making purchases with the company's financial resources. See Freeman v. Bechtel Const. Co., 87 F.3d 1029, 1031 (8th Cir. 1996). The district court concluded that it was not clear whether the manager in question actually stated that Bearden's conduct was dishonest and an act of stealing. Yet even if he used such

words, communications between supervisory employees pertaining to matters affecting the business are protected by the qualified privilege since Bearden has presented insufficient evidence of excessive or malicious publication. See Farris v. Tvedten, 274 Ark. 185, 186 (1981). The alleged characterization by another manager of Bearden's actions as a gross violation of policy is similarly protected by the same qualified privilege. We therefore assign no error to the district court's dismissal of Bearden's state defamation claim.

Accordingly, we affirm the judgment of the district court.

_____