# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2928

———————

Jane Porter,      *
       *
     Appellant,      *
       * Appeal from the United States
    v.      * District Court for the
       * Western District of Missouri.
City of Lake Lotawana;      *
Art Van Hook,      *
       *
     Appellees.      *

———————

Submitted: April 11, 2011
Filed: August 25, 2011

———————

Before WOLLMAN and MELLOY, Circuit Judges, and MILLER,[1] District Judge.

———————

MILLER, District Judge.

Jane Porter appeals from the district court's[2] orders granting summary judgment in favor of the City of Lake Lotawana and its mayor, Art Van Hook, and the subsequent dismissal of her wrongful termination and retaliation claims. On

_____

[1] The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2] The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, who presided over the case with the consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

appeal, Porter reasserts that the City breached her employment contract and that she established triable issues of fact as to her retaliation claims. For the reasons set forth below, we affirm.

I.

Jane Porter worked for the City of Lake Lotawana, Missouri from 1996 until she was terminated in July 2006. In January 2006, two of Porter's co-workers, Rhonda Littrell and Toni Burgess, met with the mayor, Art Van Hook, to complain about Porter. Littrell told Van Hook that she saw a credit card statement indicating that Porter charged several personal items to the City. It is undisputed that Porter made a number of personal purchases with the City's Visa card and that in February 2006, Van Hook ordered Porter to stop. It is also undisputed that Van Hook ordered Porter to surrender the City's Visa and Walmart credit cards in March 2006, after Porter acknowledged that she had made several personal purchases with the City's Walmart card.

Thereafter, Porter memorialized her perspective on these events. On April 12, 2006, she prepared a "note to file" stating that Van Hook "grilled" her during the previous week as to the Walmart purchases. On April 20, 2006, Porter prepared a memorandum stating "[w]hile doing an internal audit, I discovered I had by accident made charges for myself on the City's card. It was a mistake, and one which I am truly sorry for. Therefore, I am depositing $239.09 in the General Fund Account to cover these charges which I mistakenly made." The same day, Porter drafted a check to reimburse the City for some of the improper charges she made during 2005 on the Walmart card.

On May 24, 2006, Porter was re-appointed to her position as city clerk for a term of one year. The next day, she was placed on administrative leave and was informed that the City was retaining an outside auditor to investigate payroll and

-2-

time-card discrepancies, unauthorized paid vacation, unauthorized compensatory time, questionable credit card transactions, unauthorized sewer billing adjustments, and failure to properly maintain city records in an orderly fashion.

On July 26, 2006, Porter wrote a letter to the city attorney stating that she was a victim of age and gender discrimination and was subjected to a hostile work environment. The city attorney sent an email to Porter on the morning of July 28, acknowledging receipt of her letter. Later that day, the audit firm investigating the City's records reported to the board of aldermen that Porter's misuse of City credit cards was an "obvious red flag" among "a lot of red flags," and that the purchases made by Porter included liquor, jewelry, food, and clothing. Immediately after the presentation, Van Hook recommended that the board of aldermen terminate Porter's employment. The board, however, could not proceed because one of the aldermen abstained.

The board met again on July 31, 2006, and voted four-to-three in favor of terminating Porter, with the mayor casting the tie-breaking vote. The aldermen voting in favor of termination stated that they did so based on their review of City credit card records, the audit firm's presentation, and their belief that Porter engaged in inappropriate activities.

Porter filed suit alleging: (1) age discrimination under the Age Discrimination in Employment Act (ADEA); (2) gender discrimination under Title VII of the Civil Rights Act of 1964; (3) retaliation under Title VII, the ADEA, and the Missouri Human Rights Act (MHRA); (4) undefined violations of the MHRA; (5) wrongful termination; and (6) defamation. On March 31, 2009, the district court granted Van Hook's motion for judgment on the pleadings as well as Van Hook's and the City's motions for summary judgment and dismissed all of Porter's claims except her tort-based wrongful termination claim. The district court denied summary judgment as to Porter's tort-based wrongful termination claim finding that a genuine issue of fact

remained as to whether the City's liability insurance waived the City's sovereign immunity from tort liability. The district court dismissed Porter's contract-based wrongful termination claim because Missouri law requires contracts with municipalities to be in writing and Porter failed show that she had a written contract.

On June 21, 2010, the district court entered a second summary judgment order. In that order, the court reaffirmed the findings in the March 2009 order as to Porter's lack of an enforceable contract. The court, however, reconsidered its finding as to Porter's tort-based wrongful termination claim, and found that the City's liability insurance did not waive the City's sovereign immunity from tort liability. For this reason, the district court granted summary judgment to the City on Porter's tort-based wrongful termination claim.

Porter appeals only two of the district court's findings. First, she appeals the dismissal of her contract-based wrongful termination claim, asserting that the district court erred in finding that she failed to produce evidence of an enforceable employment contract. Second, she appeals the dismissal of her retaliation claims, arguing that the district court erred in finding that there was no causal connection between her July 26, 2006, letter to the city attorney and her termination.

II.

"Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law." Bearden v. Int'l Paper Co., 529 F.3d 828, 831 (8th Cir. 2008). "We review the district court's grant of summary judgment de novo and view the evidence in the light most favorable to the nonmoving party." Id.

III.

The district court's summary judgment orders dismissing Porter's contract-based wrongful termination claim are affirmed. Although Porter brought wrongful termination claims based on tort and contract theories, she concedes that the City is sovereignly immune from tort liability. Therefore, the only wrongful termination issue on appeal is whether the district court correctly found that Porter failed to show that she had an enforceable employment contract.

Missouri law requires contracts with municipalities to be in writing, and it is undisputed that Porter never had a written employment contract. Mo. Rev. Stat. § 432.070. The doctrine of substantial compliance, however, applies where the terms of a contract are memorialized in an alternative form, such as in the minutes of a board meeting. See First Nat'l Bank of Stoutland v. Stoutland Sch. Dist. R2, 319 S.W.3d 570, 573 (Mo. 1958). Notwithstanding this doctrine, the record is devoid of any meeting minutes or other proof indicating that Porter had an employment contract. Without such evidence, the City was entitled to summary judgment on Porter's wrongful termination claim. We decline to address Porter's argument that she was terminated in a procedurally deficient manner under Lake Lotawana City Code § 115.040 because, without an enforceable contract or a viable tort claim, no relief can be granted.

IV.

The dismissal of Porter's retaliation claims is affirmed because nothing in the record indicates that Porter's opposition to unlawful discrimination was a contributing factor in her termination. The MHRA provides that "[i]t shall be an unlawful discriminatory practice . . . [t]o retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter . . . ." Mo. Rev. Stat. § 213.070(2). A plaintiff proceeding under this

section must prove that her opposition to unlawful discrimination was a contributing factor in the adverse employment decision of her employer. See Wallace v. DTG Operations, Inc., 563 F.3d 357, 360 (8th Cir. 2009) (citing Hill v. Ford Motor Co., 277 S.W.3d 659, 665 (Mo. 2009)). This standard is more lenient than the standard applied in Title VII and ADEA retaliation cases, in which a plaintiff must prove that her opposition to unlawful discrimination was the "but for" cause of the employer's adverse action. See Clark v. Matthews Intern. Corp., 639 F.3d 391, 398 (8th Cir. 2011). Indeed, under Missouri law, Porter can recover so long as her complaint of discrimination was "a reason" for her termination, whereas under federal law, Porter can recover only if her complaint of discrimination was "the reason" for her termination. Id.; Wallace, 563 F.3d at 360.

To survive summary judgment on her MHRA retaliation claim, Porter must show that a genuine issue of fact exists as to whether her letter to the city attorney was a contributing factor in her termination. See Daugherty v. City of Maryland Heights, 231 S.W.3d 814, 820 (Mo. 2007). The record indicates that Porter was terminated because of her inappropriate activities. Porter's position that she was terminated for penning a letter to the city attorney in which she complained of discrimination is only plausible if the decision makers had knowledge of her letter and its contents. Van Hook and the aldermen who voted to terminate Porter provided sworn testimony that they were totally unaware that Porter had ever expressed any concerns about discrimination when they voted in favor of termination. Porter offers no evidence controverting that testimony. Therefore, no reasonable jury could find that Porter's opposition to unlawful discrimination played any role in her discharge. Consequently, summary judgment on Porter's MHRA retaliation claim was appropriate.

For the same reason that Porter does not succeed under the more lenient MHRA analysis, she cannot succeed under the more stringent standard applied in Title VII and ADEA retaliation cases. See Robinson v. Porter, 453 F.3d 990, 994

(8th Cir. 2006) (holding that the causation element of the prima facie case requires proof that decision maker was aware of plaintiff's protected activity at time of adverse employment action). Accordingly, summary judgment on Porter's Title VII and ADEA retaliation claims was proper.

For all of the reasons set forth above, the district court's orders granting summary judgment and judgment on the pleadings in favor of the City and Van Hook are affirmed.

_____