# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1515

_____

| | | |
|---|---|---|
| Andrew J. Sales, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Tyson Foods, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: September 29, 2011
Filed: October 3, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


Andrew Sales appeals the district court's[1] adverse grant of summary judgment in his employment-discrimination action against his former employer, Tyson Foods. Upon careful de novo review, we conclude that it was proper to grant Tyson Foods summary judgment, because Sales failed to present a trialworthy issue as to whether Tyson's legitimate, non-discriminatory reason for his termination was a pretext for unlawful discrimination. See Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

F.3d 507, 514 (8th Cir. 2011) (standard of review); <u>Bearden v. Int'l Paper Co.</u>, 529 F.3d 828, 831-32 (8th Cir. 2008) (once legitimate, nondiscriminatory explanation for termination has been proffered, plaintiff has burden to prove reason was merely pretext for discriminatory motive); <u>Canady v. Wal-Mart Stores, Inc.</u>, 440 F.3d 1031, 1034 (8th Cir. 2006) (plaintiff had not shown facts that permitted inference of discrimination when he merely stated his belief that he was treated differently than similarly situated Caucasian employees, but presented no evidence that employer treated other insubordinate employees differently, and employer presented evidence of several Caucasian employees who were terminated for conduct less egregious than plaintiff's); <u>Putman v. Unity Health Sys.</u>, 348 F.3d 732, 736 (8th Cir. 2003) (Eighth Circuit has repeatedly held that insubordination and violation of company policy are legitimate reasons for termination); <u>LaCroix v. Sears, Roebuck, & Co.</u>, 240 F.3d 688, 691 (8th Cir. 2001) (noting that conclusory or general statements in affidavits and depositions do not defeat properly supported summary judgment motion); <u>see also</u> <u>Anderson v. Durham D&M, LLC</u>, 606 F.3d 513, 522 (8th Cir. 2010) (federal courts do not serve as "super-personnel departments," sitting in judgment of employer's business decisions absent evidence of discrimination).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____