## United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 08-1638

_____

General Mills, Inc. & Subsidiaries,     \*
                                              \*

       Plaintiff-Appellee,     \*

                                              \*   Appeal from the United States

v.                                      \*   District Court for the District of

                                            \*   Minnesota.

United States of America,     \*

                                              \*

       Defendant-Appellant.     \*

_____

Submitted: November 14, 2008
Filed:  January 26, 2009

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

General Mills, Inc. ("GMI") sued for refunds of corporate income tax.  The district court granted GMI summary judgment.  The government appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

I.

GMI established three employee stock ownership plans ("ESOPs").  *See* **26 U.S.C. §§ 401(a), 401(k), 4975(e)(7)**.  A single trust held the ESOPs' assets, primarily GMI common stock.  GMI contributed to the ESOPs for the benefit of participating

employees. GMI claimed deductions for payments of principal and interest on the Trust's purchase of GMI stock (financed by outside lenders). *See* **26 U.S.C. § 404(a)(9), (k)(1), (k)(2)(A)(iv)**. These deductions, totaling over $77 million, are not at issue.

When a participant left GMI, the Trust distributed, in cash or stock, the value of the participant's ESOP account. If a participant elected cash, the Trust could request that GMI purchase company stock from the Trust, paying the Trust a dividend (a "redemptive dividend"). From the redemptive dividend, the Trust could distribute to the participant a "cash distribution redemptive dividend" as part of the total cash distributed to a participant.

| Tax Year | Redemptive Dividends[1] | Cash Distribution Redemptive Dividends | Total Cash Distributions To Participants |
|---|---|---|---|
| 1992 | $1,436,174 | $1,280,358 | $1,360,959 |
| 1993 | $1,020,426 | $1,176,241 | $2,670,106 |
| 1994 | $4,107,588 | $2,542,502 | $3,620,110 |
| 1995 | $2,697,636 | $3,155,139 | $4,667,805 |
| 1997 | $5,570,650 | $5,570,650 | $5,862,158 |
| Total | $14,832,474 | $13,724,890 | $18,181,138 |

GMI sued to recover $4,720,329, the value of deductions for the cash distribution redemptive dividends. GMI argues that 26 U.S.C. § 404(k)(1) allows a deduction for the cash distribution redemptive dividends. The government counters that 26 U.S.C. § 162(k)(1), or alternatively § 404(k)(5), bars any deduction allowed by § 404(k)(1). The district court ruled for GMI.

---

[1]There is no dispute that GMI's redemptive dividends are essentially equivalent to dividends under 26 U.S.C. § 302(b)(1) and are treated as dividends under 26 U.S.C. §§ 301, 316.

## II.

"Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to a judgment as a matter of law." ***Bearden v. Int'l Paper Co.***, 529 F.3d 828, 831 (8th Cir. 2008), *citing* **Fed. R. Civ. P. 56(c)**. This court reviews the district court's grant of summary judgment de novo and views the evidence in the light most favorable to the nonmoving party. *Id.* This court also reviews de novo the district court's interpretation of statutes. ***Milavetz, Gallop & Milavetz, P.A. v. United States***, 541 F.3d 785, 791 (8th Cir. 2008).

## A.

Section 404(k)(1) allows as "a deduction for a taxable year the amount of any applicable dividend paid in cash by such corporation with respect to applicable employer securities." **26 U.S.C. § 404(k)(1)**. An "applicable dividend" includes "any dividend which, in accordance with the plan provisions— . . . is paid to the plan and is distributed in cash to participants in the plan or their beneficiaries not later than 90 days after the close of the plan year in which paid." **26 U.S.C. § 404(k)(2)(A)(ii)**. The deduction may be claimed only for the tax year when the participant receives cash. **26 U.S.C. § 404(k)(4)**.

GMI's payments to participants, routed through the Trust, are "applicable dividends" under § 404(k)(2)(A)(ii). GMI, not the Trust, is the entity ("such corporation") claiming the § 404(k)(1) deduction. GMI's payment of the redemptive dividend to the Trust does not by itself qualify for a § 404(k)(1) deduction (nor does an independently-funded cash distribution by the Trust to a participant). The § 404(k)(2)(A)(ii) transaction is a two-step process.

B.

The issue is whether 26 U.S.C. § 162(k)(1) — enacted two years later — bars the deduction allowed by § 404(k)(1).  "Except as provided in paragraph (2), no deduction otherwise allowable shall be allowed under this chapter for any amount paid or incurred by a corporation in connection with the redemption of its stock."  **26 U.S.C. § 162(k)(1) (1994)**.[2]  The parties agree that no exception in paragraph (2) applies.  The parties stipulate that the redemptive dividends are payments for GMI's redemption of Trust-held company stock.

1.

The district court ruled that § 162(k)(1) does not bar the § 404(k)(1) deduction. Noting that § 162(k)(1) applies to a deduction that is "otherwise allowable," the district court reasoned that § 404(k)(1) does not allow a deduction for a redemptive dividend alone, but only for that portion of the redemptive dividend distributed in cash to participants.  Accordingly, when applying § 162(k)(1), the court focused exclusively on the cash distribution redemptive dividend, not the two-step applicable dividend defined in § 404(k)(2)(A)(ii).

The district court then considered whether the cash distribution redemptive dividend was "in connection with" GMI's stock redemption.  Citing a Ninth Circuit decision and legislative history, the court concluded that the phrase "in connection with" should be construed narrowly. *See **Boise Cascade Corp. v. United States***, 329 F.3d 751, 758 (9th Cir. 2003); **H.R. Rep. No. 99-841, at 168-69 (1986) (Conf. Rep.),**

[2]In 1996, Congress amended § 162(k)(1), *replacing* "the redemption of its stock" *with* "the reacquisition of its stock or of the stock of any related person (as defined in section 465(b)(3)(C))." *See* **Small Business Job Protection Act of 1996, Pub. L. No. 104-188, § 1704(p)(1), 110 Stat. 1755, 1886 (1996)**.  The parties agree that the amendment has no bearing on this case.

**1986 U.S.C.C.A.N. 4075, 4256-57**. Quoting the Ninth Circuit, the court held that § 162(k)(1) bars deductions only for "fees and other expenditures 'necessary and incident' to repurchase which would otherwise be deductible business expenses." Since the Trust had an independent duty to pay participants (although it distributed nearly all the redemptive dividends to participants), the court concluded that the cash distribution redemptive dividends were not "in connection with" GMI's stock redemption, and thus § 162(k)(1) does not apply.

2.

The district court failed to recognize that the "deduction otherwise allowable" — barred by § 162(k)(1) — is the deduction for the "applicable dividend" defined in § 404(k)(2)(A)(ii). Three possible interpretations of "applicable dividend" are proposed: (1) the redemptive dividend in isolation; (2) the cash distribution redemptive dividend in isolation; and, (3) the redemptive dividend combined with the cash distribution redemptive dividend.

The third interpretation is correct. Section 404(k)(2)(A)(ii) defines an "applicable dividend" as two connected steps, the redemptive dividend (step 1) *and* the cash distribution redemptive dividend (step 2). Neither step alone is sufficient, and thus neither is an "applicable dividend" deductible under § 404(k)(1).

In this case, the "deduction otherwise allowable" is the deduction allowed by § 404(k)(1) for the applicable dividend defined in § 404(k)(2)(A)(ii). GMI acknowledges that its first step, the redemptive dividend, is "in connection with" a stock redemption. Both steps are therefore "in connection with" the stock redemption. Section 162(k)(1) bars GMI's deduction.

This court disagrees with the Ninth Circuit's analysis in the *Boise Cascade* case, which concluded that § 162(k)(1) did not bar a § 404(k)(1) deduction. ***Boise***

*Cascade*, 329 F.3d at 756.  *See **North Am. Life and Cas. Co. v. Comm'r***, 533 F.2d 1046, 1051 (8th Cir. 1976) ("decisions of other courts of appeals in the area of taxation" may be rejected if there are "cogent reasons for not following them").  That court viewed the redemptive dividend and the cash distribution redemptive dividend as "two segregable transactions," "not ineluctably linked," and "entirely separate." ***Boise Cascade***, 329 F.3d at 757.  That court emphasized that the Trustee's duty to pay the participant was not contingent on the company's payment to the Trustee for the redeemed stock. ***Id.*** at 758.  The Ninth Circuit ruled that the isolated cash distribution redemptive dividend was not "in connection with" the company's stock redemption, and thus § 162(k)(1) did not bar the deduction.

As indicated above, Congress in § 404(k)(1) and § 404(k)(2)(A)(ii) connects the two steps, the redemptive dividend and the cash distribution redemptive dividend. This court cannot rule that one step is "in connection with" the stock redemption, while the other step is not.  In this circuit, the phrase "in connection with" in a tax code setting is broadly construed. ***Huntsman v. Comm'r***, 905 F.2d 1182, 1184-85 (8th Cir. 1990), *citing **Snow v. Comm'r***, 416 U.S. 500, 502-03 (1974); ***Ralston Purina Co. v. Comm'r***, 131 T.C. No. 4, 2008 WL 4159698 (2008) (citing *Huntsman* and applying § 162(k)(1) to the two connected steps of a § 404(k)(2)(A)(ii) applicable dividend).

The Ninth Circuit rejected a broad construction after extensive discussion of the 1986 legislative history of § 162(k)(1). To the contrary, the Conference Report states that "the phrase 'in connection with [a] redemption' is intended to be construed broadly." **H.R. Rep. No. 99-841, at 168 (1986) (Conf. Rep.), 1986 U.S.C.C.A.N. 4075, 4256**.  The House and Senate Reports each explains that while Congress enacted § 162(k)(1) in response to corporate taxation strategies in takeover bids, "[t]his provision is not limited to hostile takeover situations but applies to any corporate stock redemption." **S. Rep. 99-313, at 223 (1986); H.R. Rep. 99-426, at 249 n.15 (1985)**.  True, the Conference Report states that § 162(k)(1) does not reach "a

transaction that has no nexus with the redemption other than being proximate in time or arising out of the same general circumstances." Here, § 404(k)(2)(A)(ii) creates a nexus between the cash distribution redemptive dividend and the stock redemption.

Further, contrary to *Boise Cascade*, the legislative history does not say that Congress intended § 162(k)(1) to bar deductions only for expenditures "necessary and incident" to stock redemptions. *Boise Cascade*, 329 F.3d at 758. As the Senate and House Reports both explain:

> The committee intends that amounts subject to this provision [§162(k)(1)] will include amounts paid to repurchase stock; premiums paid for stock; legal, accounting, brokerage, transfer agent, appraisal, and similar fees incurred in connection with repurchase; and any other expenditure that is necessary or incident to repurchase, whether representing costs incurred by the purchasing corporation or by the selling shareholder (and paid or reimbursed by the purchasing corporation), or incurred by persons or entities related to either.

**S. Rep. 99-313, at 223 (1986); H.R. Rep. 99-246, at 249 (1985)**. The legislative history restates the clear rule that § 162(k)(1) disallows "amounts paid to repurchase stock," and in addition, all other necessary or incidental expenses.

Finally, GMI contends that "the parties' Stipulation requires that the two transactions be respected as factually separate." GMI highlights these facts:

- GMI was not required always to redeem Trust-held stock, and there were instances when the Trust sold GMI stock on the open market (although this was not in the Trust's best interest).

- The Trust had an independent duty to pay participants even if GMI did not redeem stock.

- The Trust did not always use the redemptive dividends to make cash distributions to participants.

These facts are irrelevant, as the other payments are not at issue here and the Trust's duty does not disconnect the two steps required for the deduction. GMI seeks a deduction for § 404(k)(2)(A)(ii) applicable dividends that are "in connection with" the redemption of stock. In sum, while § 404(k)(1) allows a deduction, § 162(k)(1) bars it.

III.

The judgment of the district court is reversed, and the case remanded.

_____