CONOPCO, INC., Appellant

v.

UNITED STATES of America.

No. 07–3564.

United States Court of Appeals, Third Circuit.

Argued Jan. 6, 2009.

Filed July 13, 2009.

---

Before: FUENTES and FISHER, Circuit Judges, and PADOVA * District Judge.

## OPINION OF THE COURT

FISHER, Circuit Judge.

This appeal requires us to determine whether Conopco, Inc.[1] is entitled to a federal income tax refund of approximately $13.8 million based on the deduction available under 26 U.S.C. § 404(k)(1) for payments that it made pursuant to an Employee Stock Ownership Plan ("ESOP") during the tax years of 1994 to 2000. The District Court granted summary judgment in favor of the Government, concluding that 26 U.S.C. § 162(k)(1) disallowed Conopco from claiming the deduction. We will affirm.

### I.

### A.

The material facts are not in dispute.[2] Conopco, a publicly-held corporation organized under New York law, created an ESOP in 1989 as part of its Savings/Retirement Plan for Salaried Employees. Conopco also created a trust (the "Trust") in order to implement the ESOP, entering into an agreement with the Northern Trust Company to act as the trustee.[3] Near the end of 1989, Conopco issued approximately 2.2 million shares of voting convertible preferred stock, which the

Ronald S. Rolfe, (Argued), Cravath, Swaine & Moore, New York, NY, for Appellant.

Ellen P. DelSole, (Argued), United States Department of Justice, Washington, DC, for Appellee.

---

* Honorable John R. Padova, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Conopco is a wholly-owned subsidiary of Unilever United States, Inc. and is the successor-in-interest to Bestfoods, Inc. and CPC International, Inc. For convenience, we refer only to Conopco as the taxpayer here.

2. Although the Government disagreed with several of Conopco's redeemed-shares figures before the District Court, the Government did not dispute the amount of Conopco's claimed deductions. Thus, given the inconsequential nature of this disagreement, the District Court properly chose to decide this case as a matter of law.

3. The Northern Trust Company was replaced as trustee in 1994 by Fidelity Management Trust Co. In this opinion, we refer only to the Trust, rather than the trustees, when discussing the ESOP.

Trust purchased from Conopco using funds it acquired by issuing bonds. The Trust, as owner of the shares, had certain rights associated with ownership, including the right to receive dividend payments and liquidation rights.

Under the ESOP's terms, shares of the preferred stock were allocated to the employee-participants' accounts. During the tax years relevant to this appeal, when participants ended their employment with Conopco, the participants could, subject to certain restrictions, choose to receive the value of the preferred stock contained in their accounts in a number of forms: in cash; in Conopco's common stock; as an annuity; or as distributions rolled into an Individual Retirement Account. When participants elected to receive the value of their ESOP account balances as cash payments, Conopco would redeem the preferred stock which had been allocated to those participants' accounts by paying the Trust to buy back the shares. The Trust, upon tendering the shares to Conopco and receiving the redemption payments in return, would then distribute those funds as cash benefit distributions to the participants within 90 days after the close of the plan year.

### B.

Title 26 U.S.C. § 404(k)(1) permits a C corporation to claim "as a deduction for a taxable year the amount of any applicable dividend paid in cash by such corporation with respect to applicable employer securities." An "applicable dividend" is defined in relevant part as "any dividend which, in accordance with the plan provisions ... is paid to the plan and is distributed in cash to participants in the plan or their beneficiaries not later than 90 days after the close of the plan year in which paid." *Id.* § 404(k)(2)(A)(ii). Conopco sought to claim corporate income tax deductions un-

der § 404(k)(1) for the tax years of 1994 to 2000 for the redemption payments that it had made to the Trust which the Trust distributed to the ESOP participants. After the Internal Revenue Service denied (or failed to grant) Conopco's claims, Conopco filed the present action in the United States District Court for the District of New Jersey, seeking a tax refund for allegedly wrongfully collected taxes in the amount of $13,823,873.

The parties cross-moved for summary judgment. The District Court concluded that although § 404(k)(1) would have allowed Conopco to claim the deductions for the relevant tax years, the company could not do so under 26 U.S.C. § 162(k)(1), which states that "no deduction otherwise allowable shall be allowed under this chapter for any amount paid or incurred by a corporation in connection with the reacquisition of its stock or of the stock of any related person (as defined in section 465(b)(3)(C))." *See Conopco, Inc. v. United States,* No. 04–6025, 2007 WL 2122045, at *8–12 (D.N.J. July 18, 2007).

More specifically, the District Court reasoned that Conopco's payments to the Trust in redemption of the stock, as opposed to the subsequent benefit distributions made by the Trust to the participants, were the dividends entitled to deduction under § 404(k)(1). *Id.* at *10. According to the District Court, those redemption payments were separate from the benefit distribution and, based on the language of the relevant statutory provisions, the District Court focused its § 162(k) analysis on Conopco's payments to the Trust, not the Trust's distributions to the participants. *Id.* at *11. After reviewing the legislative history of § 162(k)(1), the District Court decided that because Conopco's payments to the Trust were made in return for its shareholder's stock, they were

nondeductible under § 162(k)(1). *Id.* at *11–12. As a result, the District Court denied Conopco's motion for summary judgment and granted the Government's cross-motion for summary judgment.

Conopco timely appealed from the District Court's order.

## II.

 The District Court had jurisdiction under 28 U.S.C. §§ 1340 and 1346(a)(1) and 26 U.S.C. § 7422, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's interpretation of the Internal Revenue Code (the "Code"), *Galloway v. United States,* 492 F.3d 219, 221 (3d Cir. 2007), as well as its order granting summary judgment, *Alcoa, Inc. v. United States,* 509 F.3d 173, 175 (3d Cir.2007). Summary judgment is appropriate only if, after drawing all reasonable inferences from the evidence in the light most favorable to the nonmovant, *AT & T Corp. v. JMC Telecom, LLC,* 470 F.3d 525, 530 (3d Cir.2006), "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c). We may affirm the District Court's order granting summary judgment on different grounds, so long as the record supports the judgment. *Turner v. Crawford Square Apartments III, L.P.,* 449 F.3d 542, 548 (3d Cir.2006); *Guthrie v. Lady Jane Collieries, Inc.,* 722 F.2d 1141, 1145 n. 1 (3d Cir.1983).

## III.

On appeal, Conopco defends the District Court's decision insofar as it determined that § 404(k)(1) allows the deductions here, but argues that § 162(k)(1), contrary to the District Court's conclusion, does not preclude Conopco from claiming those deductions. In response, the Government contends that the District Court was wrong to conclude that Conopco's payments were deductible under § 404(k)(1) in the first place, but asserts that, even assuming the payments were deductible, the District Court was correct to conclude that § 162(k)(1) prohibits Conopco from claiming them as deductions.

## A.

As a preliminary matter, we note that the parties dispute whether Conopco's payments qualify for the deduction available under § 404(k)(1), which, again, allows a C corporation to claim "as a deduction for a taxable year the amount of any applicable dividend paid in cash by such corporation with respect to applicable employer securities." The focal point of this dispute is whether Conopco's payments to the Trust in redemption of its preferred stock qualify as "dividends," within the meaning of the Code, such that they meet the definition of "applicable dividends" under § 404(k)(1). The District Court agreed with Conopco that its payments qualified for the § 404(k)(1) deduction as "applicable dividends." *Conopco,* 2007 WL 2122045, at *3–8. We have some doubt about whether the District Court reached the correct conclusion on this point.[4] But

---

4. Specifically, we question whether the Supreme Court's decision in *United States v. Davis,* 397 U.S. 301, 90 S.Ct. 1041, 25 L.Ed.2d 323 (1970), in which the Court formulated its "dividend equivalence" test, as well as other cases relied upon by the District Court in reaching its conclusion, are sufficiently similar to this case, given that the Trust here, unlike the shareholders in those cases, was a minority shareholder lacking control over the corporation before and after the redemption. *See* Rev. Rul. 76–385, 1976–2

we find it unnecessary to resolve this issue because we conclude that even if Conopco's payments do qualify as "applicable dividends" under § 404(k)(1), Conopco is nonetheless barred from claiming deductions for those payments by § 162(k)(1).

### B.

Assuming for purposes of this appeal that Conopco's payments are applicable dividends under § 404(k)(1), we turn to § 162(k)(1), which states that "no deduction otherwise allowable shall be allowed under [Chapter One of the Code] for any amount paid or incurred by a corporation in connection with the reacquisition of its stock or of the stock of any related person (as defined in section 465(b)(3)(C))." [5] Section 404(k)(1) is included in Chapter One of the Code and § 162(k)(1) only bars a corporation from claiming a "deduction otherwise allowable," which, under circumstances like those presented here, refers to the § 404(k)(1) deduction allowed for a corporation's payment of an applicable dividend. Thus, the issue we must resolve is whether Conopco's payments (which we are presuming to be applicable dividends), otherwise allowable as deductions under § 404(k)(1), were made "in connection with the reacquisition of its stock."

We conclude that § 162(k)(1) disallows Conopco from claiming the § 404(k)(1) deductions. In reaching this conclusion, we follow the approach taken by the United States Court of Appeals for the Eighth

Circuit in *General Mills, Inc. v. United States,* 554 F.3d 727 (8th Cir.2009). We also find persuasive the decision of the United States Tax Court in *Ralston Purina Co. v. Commissioner of Internal Revenue,* 131 T.C. No. 4, 2008 WL 4159698 (2008).

As discussed previously, § 404(k)(2)(A)(ii) defines "applicable dividend" as requiring both the corporation's payment of a dividend to the plan and the plan's subsequent distribution of that dividend, in cash, to the participant. Conopco and the Government agree that both steps under § 404(k)(2)(A)(ii) must be met in order to trigger the § 404(k)(1) deduction. *See General Mills,* 554 F.3d at 729 ("Neither step alone is sufficient, and thus neither is an 'applicable dividend' deductible under § 404(k)(1)."); *Ralston Purina,* 131 T.C. No. 4, 2008 WL 4159698, at *8 ("[T]he applicable dividend as defined requires both a payment from a corporation and a distribution of that payment to departing employees."). Once both statutorily required steps are satisfied, a corporation is permitted to deduct its payment of the applicable dividend under § 404(k)(1), subject to the limitation of § 162(k)(1).

Conopco acknowledges that its payments to the Trust were made in connection with the reacquisition of its preferred stock. But the company nevertheless asserts that the applicable dividend payments are not barred by § 162(k)(1) because the Trust's distribution of benefits to

---

C.B. 92 (stating that the redemption of a minority shareholder's stock should be excluded from dividend treatment because "as a result of the redemption, [the shareholder] experienced a reduction of its voting rights, its right to participate in current earnings and accumulated surplus, and its right to share in net assets on liquidation").

5. Subsection (2) of § 162(k) lists several exceptions to the rule in subsection (1), but it is undisputed that the exceptions do not apply here. Additionally, Congress amended the

language of subsection (1) in 1996, effective for tax years ending after September 13, 1995, by replacing the statutory phrase "the redemption of its stock" with "the reacquisition of its stock or of the stock of any related person (as defined in section 465(b)(3)(C))." *See* Small Business Job Protection Act of 1996, Pub.L. No. 104–188, § 1704(p)(1), 110 Stat. 1755, 1886 (1996). The parties agree that this amendment does not affect our disposition of this case.

the participants, the second requisite step to trigger the § 404(k)(1) deduction, was not made in connection with the redemption. Conopco attempts to bolster its position through reliance on the decision of the United States Court of Appeals for the Ninth Circuit in *Boise Cascade Corp. v. United States,* 329 F.3d 751 (9th Cir.2003). In that case, the Court, in holding that § 162(k)(1) did not preclude the § 404(k)(1) deduction, treated the corporation's stock redemption payment to the trust and the trust's subsequent benefit distribution of those funds to the participants as "two segregable" and "entirely separate" transactions. *Id.* at 757. Specifically, it framed the relevant inquiry under § 162(k)(1) as "whether the distributions to the [p]articipants were payments made 'in connection with' the redemption of the convertible preferred stock." *Id.*

Relying on this formulation, Conopco argues that, in this case, the Trust's distributions to the participants are entirely separate from the redemption payments for several reasons: the participants' rights to the benefit payments and the Trust's duty to make those payments were not dependent on whether Conopco redeemed the stock; the deduction is limited to the amount of the benefit payments; the deduction may be taken only in the year that the benefit payment is made; and the deduction does not require a redemption of stock but does require a benefit payment.

But § 162(k)(1), by referencing an "otherwise allowable" deduction for "any

amount paid or incurred by a corporation," necessarily implicates a corporation's applicable-dividend payment under § 404(k)(2)(A)(ii) in its entirety. *See General Mills,* 554 F.3d at 729 (determining that the applicable dividend, consisting of the redemption dividend to the trust "combined with" the trust's cash distribution of that redemptive dividend, is subject to § 162(k)(1)). As a result, we cannot say, as Conopco advocates here, that a corporation's redemption payment to a trust, on the one hand, is made in connection with the reacquisition of stock but that, on the other hand, the trust's subsequent distribution of that payment is not so made. Congress has plainly linked the two steps under § 404(k)(2)(A)(ii) by requiring that the dividend be both paid by the corporation to the plan and distributed in cash to the participants in order for the corporation to be eligible for that deduction in the first place. *Id.* at 729–30. While Conopco is correct that without the plan's benefit distribution to the participant there would be no allowable deduction under § 404(k)(1), it is equally true that absent the dividend payment from the corporation to the plan, no distribution from the plan would be deductible. *See Ralston Purina,* 131 T.C. No. 4, 2008 WL 4159698, at *9. We therefore disagree with the analysis in *Boise Cascade* and, consequently, the position taken by Conopco here.[6]

■ Thus, we conclude that where a corporation makes payment to an ESOP

**6.** Conopco asks us to follow *Boise Cascade* to maintain uniformity in the interpretation of federal tax law, but the United States Court of Appeals for the Eighth Circuit in *General Mills* and the United States Tax Court in *Ralston Purina* have already disagreed with *Boise Cascade*'s interpretation of § 162(k)(1). *Cf. Comm'r of Internal Revenue v. Stockly,* 221 F.2d 745, 748 (3d Cir.1955) (noting the interest of maintaining uniformity in federal tax law unless the "the other courts which have

considered the problem have clearly misconstrued the law"). Moreover, though inapplicable to this case due to the tax years involved here, we find it worth noting that this particular tax issue involving a taxpayer's payments made on or after August 30, 2006, may be affected by Treasury Regulation section 1.162(k)–1, which states that "[a]mounts paid or incurred in connection with the reacquisition of stock include amounts paid by a corporation to reacquire its stock from an ESOP

trust in redemption of its stock, the otherwise allowable § 404(k)(1) deduction for an applicable dividend inevitably involves an "amount paid or incurred by a corporation in connection with the reacquisition of its stock" and is therefore barred by § 162(k)(1). *Cf. General Mills*, 554 F.3d at 729 (concluding that because the "first step, the redemptive dividend, is 'in connection with' a stock redemption," § 162(k)(1) bars the deduction); *Ralston Purina*, 131 T.C. No. 4, 2008 WL 4159698, at *9 (concluding that because "[t]he first part of the applicable dividend transaction was the redemption," § 162(k)(1) precludes "the deduction of any portion of the transaction").

■ Conopco refers to the legislative history of § 162(k)(1) to support its position, but "[i]t is a well-established precept of tax law that, in interpreting statutes, the literal meaning of the statute is most important, and we are always to read the statute in its ordinary and natural sense." *Galloway*, 492 F.3d at 223 (internal quotation marks omitted); *see also Lawrence v. City of Phila.*, 527 F.3d 299, 317 (3d Cir. 2008) ("The plain meaning of the text should be conclusive, except in the rare instance when the court determines that the plain meaning is ambiguous. If so, the court can consider legislative history but should do so with caution." (internal citation and quotation marks omitted)). Section 162(k)(1) on its face conclusively precludes a deduction for any amount that a corporation pays in connection with the reacquisition of its stock, and therefore, because Conopco made payments to the Trust in redemption of the preferred stock and the Trust then distributed the funds to the participants, there can be no deduction under § 404(k)(1).[7] *See UNUM Corp. v. United States*, 130 F.3d 501, 511 (1st Cir. 1997) ("Section 162(k)(1) unreservedly prohibits corporations from taking deductions for distributions made in the course of reacquiring its stock...."); *Huntsman v. Comm'r of Internal Revenue*, 905 F.2d 1182, 1184–85 & n. 6 (8th Cir.1990) (collecting authority standing for the proposition that Code sections using the phrase "in connection with" should be "broadly construed"). We will not rely on legislative history "to narrow the broad language Congress chose to use when enacting the statute." *Galloway*, 492 F.3d at 224.

## IV.

Although our reasoning differs to some extent from that of the District Court,

---

that are used in a manner described in section 404(k)(2)(A)." 26 C.F.R. § 1.162(k)–1 (applying to payments made on or after August 30, 2006).

**7.** And in any event, as the District Court pointed out, the legislative history supports a broad reading of § 162(k)(1). *See* H.R.Rep. No. 99–841 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 4075, 4256–57 (indicating that the phrase "in connection with" should "be construed broadly" and that the "denial of deductibility will apply to amounts paid in connection with a purchase of stock in a corporation, whether paid by the corporation directly or indirectly"). Conopco emphasizes language in the House Conference Report indicating that § 162(k)(1) is not intended to bar payments that have "no nexus with the redemption," *id.*, but here, § 404(k)(2)(A)(ii) creates such a "nexus," *General Mills, Inc. v. United States*, 554 F.3d 727, 730 (8th Cir. 2009). Conopco also argues that § 162(k)(1) bars only expenditures that are "necessary or incident" to the repurchase of stock. However, the legislative history indicates that § 162(k)(1) "include[s] amounts paid to repurchase stock ... and any other expenditure that is necessary or incident to the repurchase," General Explanation of the Tax Reform Act of 1986, H.R. 3838, 99th Cong., Pub.L. No. 99–514, at 278 (1987), and is better understood as "restat[ing] the clear rule that § 162(k)(1) disallows 'amounts paid to repurchase stock,' and in addition, all other necessary or incidental expenses," *General Mills*, 554 F.3d at 730.

which focused specifically on Conopco's dividend payments to the Trust rather than the applicable dividend payments in their entirety, we nevertheless agree with its ultimate conclusion that § 162(k)(1) precludes Conopco from claiming the deductions due to its payments to the Trust in redemption of the preferred stock.[8] Because we agree with the District Court on this point, we do not address the Government's alternative arguments in favor of granting summary judgment, namely, that the deductions are disallowed under 26 U.S.C. § 404(k)(5) and Revenue Ruling 2001–6 as an evasion of taxation, and that authorizing the deductions here would be tantamount to allowing impermissible double deductions. Accordingly, we will affirm the District Court's order granting summary judgment in favor of the Government.

---

8. Even if we were to determine, like the United States Court of Appeals for the Ninth Circuit in *Boise Cascade,* that the two steps under § 404(k)(2)(A)(ii), while related for purposes of § 404(k)(1), must be viewed separately for purposes of § 162(k)(1), our conclusion would be the same because we see no principled reason to focus on the Trust's benefit distributions to the participants, as Conopco would have us do, instead of on Conopco's redemption payments to the Trust. If anything, the contrary would be more likely: § 162(k)(1) refers to an otherwise allowable deduction for an amount "paid or incurred by a corporation," which in this case is Conopco, not the Trust. And only Conopco, as opposed to the Trust (i.e., the shareholder here), would be entitled to the § 404(k)(1) deduction in the first instance. *See* 26 U.S.C. § 404(k)(1) (granting a deduction for "any applicable dividend paid in cash by [a] corporation"); *id.* § 316(a) (defining "dividend" as a "distribution of property made by a corporation to its shareholders").