**Eric LEKICH, Appellant**

v.

**Colonel Frank PAWLOWSKI,\* in his official capacity as Chairman of Municipal Police Officers Educational Training Commission (MPOETC); Doylestown Borough.**

**No. 09–1898.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Jan. 14, 2010.

Filed: Jan. 15, 2010.

---

\* (Pursuant to Fed. R.App. P. 43(c))

Brian K. Wiley, Esq., North Wales, PA, for Appellant.

Kevin R. Bradford, Esq., Claudia M. Tesoro, Esq., Office of Attorney General of Pennsylvania, Philadelphia, PA, Christopher P. Boyle, Sr., Esq., Audrey J. Copeland, Esq., Joseph J. Santarone, Jr., Esq., Marshall, Dennehey, Warner, Coleman & Goggin, King of Prussia, PA, for Appellees.

Before: SCIRICA, Chief Judge, BARRY, and SMITH Circuit Judges.

## OPINION

SMITH, Circuit Judge.

Plaintiff Eric Lekich appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania entering summary judgment in favor of Defendants and against him on his claims of disability discrimination and retaliation under the Americans with Disabilities Act, Rehabilitation Act, and Pennsylvania Human Relations Act. We will affirm.

### I.

Because we write only for the benefit of the parties, we presume familiarity with the facts and recite them only briefly. Eric Lekich is a 2006 graduate of the Municipal Police Officers' Training Program of Montgomery County Community College. After graduation he interviewed with the Chief of Police of Doylestown Borough and received a conditional offer for a part-time police officer position. The Chief told Lekich that he had to return a physical evaluation form to the Police Department after having it filled out by two physicians, with whom appointments had already been made. The Chief also notified the Municipal Police Officers' Education and Training Commission ("MPOETC") that he had given Lekich an offer of employment conditioned on his passing the required tests. MPOETC then scheduled a written examination for Lekich.[1]

Lekich went to his physical examinations. The doctor performing the vision test indicated on the evaluation form that Lekich lacked normal color perception. Lekich returned the evaluation form to the Doylestown Police Department as he was instructed. A few days later he received a call from the Chief of Police that his conditional job offer was being withdrawn because of the vision test result. Because the conditional offer was withdrawn, the Doylestown Police Department never forwarded a packet on Lekich to MPOETC for processing.

Lekich then contacted MPOETC to inquire about retaking the vision test but was told he had no recourse. He nevertheless saw another doctor to retake the test. This doctor confirmed that Lekich had a color perception problem, but also stated it was minor and, in his opinion, would not interfere with Lekich's working as a police officer.

Lekich then retained counsel and, through him, sought to have MPOETC either waive the vision requirement or consider the newer vision exam. MPOETC informed counsel that it was authorized only to process applications from police departments. Thus, it could do nothing for Lekich without his having an offer of employment and an application packet sent to MPOETC on his behalf. Lekich sent further information to MPOETC, but it took no further action.

Lekich filed this action seeking legal and equitable relief for Defendants' alleged discrimination and retaliation against him. His Amended Complaint, after stipulating to the dismissal of two counts only as to one of the Defendants, asserted claims as follows: Count I asserted a claim under

---

1. MPOETC, incorrectly named by Plaintiff, and thus in the caption, as the Municipal Officers' Educational Training Commission, is an arm of the Pennsylvania State Police and is responsible for setting the minimum standards required of applicants to be police officers within the Commonwealth of Pennsylvania and certifying that an applicant has met them. 53 Pa. Cons.Stat. § 2164(8), (12). It acts on an application for certification only by direction of a police department that has extended an offer of employment to the applicant. 37 Pa.Code § 203.15(c).

the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), against Colonel Jeffrey B. Miller, in his official capacity as Chairman of MPOETC; Count II asserted a claim under the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.* ("RA"), against Colonel Miller in his official capacity and against Doylestown Borough; Count III asserted an equal protection claim under 42 U.S.C. § 1983 against Colonel Miller in his official capacity and against Doylestown Borough; and Count IV asserted a claim under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951, *et seq.* ("PHRA"), against Colonel Miller in his official capacity.

Cross motions for summary judgment followed, and the District Court granted both Defendants' motions and denied Lekich's motion on all Counts. Lekich now appeals. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction under § 1291.

Lekich's brief on appeal is silent as to his § 1983 claim, and as to all claims against Doylestown Borough. Thus, we consider only the ADA, RA, and PHRA claims, and then only as to Defendant Miller.[2]

## II.

We "exercise plenary review over the District Court's grant of summary judgment and apply the same standard that the District Court should have applied." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir.2005) (quotation omitted). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences from the evidence must be drawn in his favor. *Conopco, Inc. v. United States*, 572 F.3d 162, 165 (3d Cir.2009).

## III.

Defendant Miller (now Defendant Pawlowski) is sued only in his official capacity as Chairman of MPOETC. "Official-capacity suits are an alternative way to plead actions against entities for which an officer is an agent." *Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002). Thus, we will refer to the Chairman of MPOETC simply as "MPOETC."

The ADA prohibits any "covered entity" from discriminating against individuals on the basis of a disability in making employment decisions. 42 U.S.C. §§ 12112(a).[3] "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." *Id.* § 12111(2). MPOETC is not any of these things in this context. It is merely a governmental body that certifies that an applicant has or has not met certain preordained guidelines when a police

2. By operation of Federal Rule of Appellate Procedure 43(c), Colonel Frank Pawlowski has been automatically substituted for Colonel Jeffrey B. Miller because he succeeded him to the position of Chairman of MPOETC.

3. Because the acts Lekich complains of took place prior to January 1, 2009, MPOETC argues that the Americans With Disabilities Act Amendments Act of 2008 ("ADAAA") is not applicable. Lekich neither cites the amended law in his initial Brief nor has filed a Reply Brief arguing that the ADAAA does apply, despite its effect on the "disability" and "regarded as" provisions of the ADA. *See Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 188 n. 17 (3d Cir.2009). Though we have not decided whether the ADAAA is retroactive, *id.*, our disposition of this case would not be affected by the answer to this question.

department—an employer—directs it to process an application. 37 Pa.Code § 203.15(c); *see also* 53 Pa. Cons.Stat. § 2164. Thus, MPOETC did not violate the non-discrimination in employment provisions of the ADA because it is not subject to them.

■ In addition, and only assuming MPOETC is covered by the nondiscrimination in employment provisions of the ADA, we conclude that Lekich's claims lack merit. A prima facie case of discrimination requires, *inter alia,* that an adverse employment action be taken against the complainant. *Shaner v. Synthes,* 204 F.3d 494, 500 (3d Cir.2000). None was taken here by MPOETC because Lekich's offer of employment was withdrawn. Thus, MPOETC had nothing on which to act. We agree with the District Court that Lekich's ADA discrimination claim fails "because MPOETC was never in a position to make a certification decision regarding [him]." [4]

■ As the District Court recognized, Lekich's retaliation claim "simply reframe[s] the allegations underlying his claims of unlawful discrimination." Assuming Lekich can establish a prima facie case of retaliation in violation of the ADA by MPOETC's refusal to provide him with a reasonable accommodation after he requested it, MPOETC bears the burden of articulating a legitimate, nondiscriminatory reason for its action. *Shaner,* 204 F.3d at 500. MPOETC argues that its reason for refusing to waive the vision requirement or accept the second opinion on Lekich's vision—what Lekich argues would be reasonable accommodations—was that it can only act on an application packet sent to it by a police department that has extended an offer of employment. 37 Pa.

Code § 203.15(c). Without this, it had nothing to act on, whether granting or denying the request for an accommodation. Lekich has failed to demonstrate that this reason is pretext, and his claim thus fails.

This reasoning yields the same result for Lekich's RA and PHRA claims. 29 U.S.C. § 794(d) (declaring that the same standards apply to an RA claim as an ADA claim); *Eshelman v. Agere Sys., Inc.,* 554 F.3d 426, 433 n. 3 (3d Cir.2009) (noting that the same analysis controls an ADA claim as a PHRA claim) (quotation omitted).

## IV.

We conclude that Lekich has failed to point to a genuine issue of material fact as to whether MPOETC violated the ADA, RA, or PHRA. Thus, we will affirm the judgment of the District Court.

---

**4.** Lekich testified in his deposition that he understood he needed a job offer for MPOETC to certify him. Thus, he would

have understood that its refusal to certify him was connected to his lack of an offer of employment.