**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 08-4128 & 08-4559

_____

IVA LUE-MARTIN,
                    Appellant in No. 08-4128

v.

MARCH GROUP L.L.L.P.; SOUTHERN SAINTS
INVESTMENT, L.L.C.; GEORGE E. GIFFORD;
ANDREW CHAPMAN; ROBERT SCARLATA
                    Appellants in No. 08-4559

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 1-03-cv-00105
United States District Judge: The Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 7, 2010

Before: SMITH, CHAGARES, and JORDAN, *Circuit Judges*

(Filed:  May 13, 2010)

_____

OPINION

_____

SMITH, *Circuit Judge*.

I.

Iva Lue-Martin, a black female of Jamaican origin, was hired by the March Group, L.L.L.P. as a temporary employee in February of 2002, and was then made full-time and given the title of Human Resources Manager in May of 2002.[1] This position was created for her, and her duties included calculating the payroll, administering benefits and retirement plans, administering the Virgin Islands Economic Development Commission program, dealing with employee grievances, and facilitating new hires.

In May of 2002, the March Group engaged Kurcias, Jaffe & Company LLP ("Kurcias") to complete an audit. In October of that year Kurcias recommended hiring a controller to increase efficiency, and in December the March Group asked Kurcias to analyze the accounting department to help streamline the work and produce better and more timely results. Kurcias reported in January of 2003 that this could be accomplished by outsourcing payroll functions and allocating other duties differently. It reiterated its earlier recommendation to hire a controller. When the March Group stated that it did not have room in its budget for such a position, Kurcias recommended in February that Martin's job be eliminated and her duties reassigned to others. The March Group followed this advice, hired a controller, and in March of 2003 eliminated Martin's position.

---

[1] Because we write only for the parties, we presume familiarity with the record and recount the facts only briefly.

Martin filed this action claiming that her termination was discriminatory under 42 U.S.C. §§ 2000e–2(a)(1) and 1981, retaliatory under 42 U.S.C. § 2000e–3(a), and violated Virgin Islands local law. She named as defendants the March Group, its chairman George Gifford, President and CEO Robert Scarlata, manager Andrew Chapman, and Southern Saints Investment, L.L.C, a limited partner in the March Group (collectively "the March Group"). The March Group filed a timely motion for summary judgment as to all counts. Martin filed two motions to extend the time to file her response, which the District Court granted. She then filed a motion to supplement her as yet unfiled response, and four days later filed that response. The District Court denied the motion to supplement and granted the March Group's motion for summary judgment on the merits. Martin filed a motion for reconsideration of the summary judgment order, which included for the first time—despite the local rule—Martin's statement of material facts in dispute. The District Court denied the motion to reconsider, and granted the March Group's motion to strike the untimely statement of material facts in dispute. In striking this document, the Court noted that it considered the exhibits included with Martin's response to the summary judgment motion when it ruled on the merits. Martin appealed from these several rulings.

The March Group filed a motion to recover its attorney's fees incurred in successfully defending this action. The District Court denied that motion, and the March

Group filed a cross-appeal.[2]

Martin raises three general issues before us. First, whether the District Court erred in denying her motion to supplement by adding a statement of facts. Second, whether the District Court erred in striking her untimely statement of facts. Third, whether the District Court erred in granting the March Group's motion for summary judgment. The March Group urges reversal on the denial of the fee award.

## II.

Martin first complains of the District Court's refusal to permit her to supplement her response to the March Group's motion for summary judgment by adding an untimely statement of material facts in dispute. She has "a heavy burden to bear, however, as matters of docket control . . . are committed to the sound discretion of the district court. We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (quotation and citations omitted).

There was no abuse of discretion in refusing Martin's request to delay her response to the summary judgment motion even further. As the District Court noted, it considered all exhibits that Martin submitted in response to the motion, the unfiled statement of facts being merely a tool for the Court's ease of decision. There has been no showing that

_____

[2] The District Court had subject matter jurisdiction under 48 U.S.C. § 1612(a) and (b) and 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291.

prejudice resulted from denying the motion to supplement on this record. Likewise, the District Court did not abuse its discretion when it struck Martin's untimely counter statement of facts. The Court was clearly in command of the relevant facts, noting specifically that it considered Martin's submitted exhibits. We will not disturb either ruling.

Turning to the ultimate merits of granting the March Group's motion for summary judgment, we "exercise plenary review over the District Court's grant of summary judgment and apply the same standard that the District Court should have applied." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (quotation omitted). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences from the evidence must be drawn in his favor. *Conopco, Inc. v. United States,* 572 F.3d 162, 165 (3d Cir. 2009).

After reviewing the record and applying the above standard, we will affirm for substantially the same reasons stated by the District Court in its memorandum opinion. As to her Title VII and § 1981 discrimination claims, we conclude that, assuming she can establish a prima facie case, Martin has not cast doubt on the March Group's articulated reason for terminating her, namely Kurcias's recommendation that it do so. On her Title VII retaliation claim, we agree with the District Court that the record fails to establish a

causal connection between Martin's termination and her protected activity of complaining of discrimination.  No temporal proximity can be shown, nor has Martin demonstrated that antagonistic activity took place between her complaints and termination.  Thus, no causal connection can be shown on this record between her termination and any protected activity.

Regarding the claim under the Virgin Islands Civil Rights Law, 10 V.I.C. § 3(b), we agree with the District Court that Martin never produced anything more than conclusory assertions to demonstrate discrimination.  To survive summary judgment, something more is required.  Fed. R. Civ. P. 56(c); *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009).

We will also affirm the ruling on Martin's Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76(c).  The record establishes that Martin was clearly a supervisory employee, and she herself argued as much on the above claims.  For such employees, the Virgin Islands Wrongful Discharge Act is preempted by the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.  See St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Gov't of the U.S.V.I.*, 357 F.3d 297, 302–04 (3d Cir. 2004).  Therefore, her claim under the Virgin Islands law is preempted, and the March Group was entitled to judgment as a matter of law.

Finally, we reach Martin's claim that the March Group breached its duty of good faith and fair dealing.  We agree with the District Court that Martin failed to point to any evidence in the record demonstrating conduct that would constitute a breach of the duty

6

of good faith.  Thus, she failed to meet her burden of going beyond conclusory allegations and pointing to evidence to "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  Judgment was entered correctly.

## III.

The March Group also filed a cross-appeal in this case, arguing that the District Court's denial of its motion for attorney's fees under both Title VII and Virgin Islands law was erroneous.

A prevailing party in a Title VII action may recover its attorney's fees as "the court, in its discretion, may allow."  42 U.S.C. § 2000e–5(k).  Likewise, the Virgin Islands Code allows an award of attorney's fees to be included in an award of costs in "such sums as the court in its discretion may fix."  5 V.I.C. § 541(b).  We review the District Court's decision on whether to award fees under both Title VII and Virgin Islands law for abuse of discretion.  *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 91 (3d Cir. 2009) (Title VII); *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969) ("The amount of attorney's fees to be awarded to the prevailing party [under 5 V.I.C. § 541] is discretionary with the court, as the statute states, and is reversible on appeal only in case of a clear abuse of discretion.").

Though 5 V.I.C. § 541 clearly contemplates that an award of fees will be made in the usual course, we see no abuse of discretion in declining to award fees in this case. Likewise, there is no abuse of discretion in declining to make a fee award under Title VII.

## IV.

For the reasons stated above, we will affirm the judgment of the District Court.