**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 09-1381

| | | |
|---|---|---|
| Nestlé Purina Petcare Co., | * | |
| | * | |
| Petitioner-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Tax Court. |
| | * | |
| Commissioner of Internal Revenue, | * | |
| | * | |
| Respondent-Appellee. | * | |

_____

Submitted: December 15, 2009
Filed: February 9, 2010

_____

Before LOKEN, Chief Judge, ARNOLD and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

The tax court ruled, on summary judgment, that Nestlé Purina Petcare Company — hereafter Ralston, its name during the relevant years — could not deduct payments for cash distribution redemptive dividends. ***Ralston Purina Co. v. Comm'r***, 131 T.C. 29 (2008). Ralston appeals. Having jurisdiction under 26 U.S.C. § 7482, this court affirms.

I.

In 1989, Ralston established an employee stock ownership plan ("ESOP"). *See* 26 U.S.C. §§ 401(a), 401(k), 4975(e)(7). A trust held the ESOP's assets, primarily

Ralston preferred stock. Ralston contributed to the ESOP for the benefit of participating employees. In 1994 and 1995, Ralston claimed deductions, totaling over $66 million, for its stated dividends on the preferred stock, which are not at issue.

When a participant left Ralston, the participant was required to direct the ESOP to convert the value of preferred stock allocated to his or her ESOP account into cash, shares of Ralston common stock, or a combination of both. If a participant elected cash, the trust could require that Ralston purchase stock from it, paying the trust a dividend (a "redemptive dividend"). From the redemptive dividend, the Trust could distribute to the participant a "cash distribution redemptive dividend" as part of the total cash distributed to a participant.

| Tax Year | Redemptive Dividends | Cash Distribution Redemptive Dividends | Total Cash Distributions To Participants |
|---|---|---|---|
| 1994 | $3,128,066 | $2,317,656 | $3,907,352 |
| 1995 | $6,277,965 | $7,088,374 | $8,205,589 |
| Total | $9,406,031 | $9,406,030 | $12,112,941 |

Ralston seeks to deduct $9,406,030, the value of the cash distribution redemptive dividends. Ralston argues that 26 U.S.C. § 404(k)(1) allows a deduction for the cash distribution redemptive dividends, or alternatively that a deduction is permitted by § 162(k)(2)(A)(iii). The tax court ruled for the Commissioner.

II.

"Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to a judgment as a matter of law." *Bearden v. Int'l Paper Co.*, 529 F.3d 828, 831 (8th Cir. 2008), *citing* **Fed. R. Civ. P. 56(c)**. This court reviews the tax court's grant of summary judgment de novo and views the evidence in the light most favorable to the nonmoving party. *See Cox v. Comm'r*, 121 F.3d 390, 391 (8th Cir. 1997). This court also reviews de novo the tax court's

interpretation of tax statutes. *See **Scherbart v. Comm'r***, 453 F.3d 987, 989 (8th Cir. 2006).

## A.

The first issue is whether 26 U.S.C. § 162(k)(1) – enacted two years later – bars the deduction allowed by § 404(k)(1). In *General Mills, Inc. v. United States*, 554 F.3d 727, 730 (8th Cir. 2009) ("*GMI*"), this Court held that § 162(k)(1) bars a deduction under § 404(k) for amounts paid to a corporation's ESOP trust in order to redeem shares of the corporation's stock. *See also **Conopco, Inc. v United States***, 572 F.3d 162, 166-67 (3d Cir. 2009) (following the *GMI* opinion, and disagreeing with *Boise Cascade v. United States*, 329 F.3d 751 (9th Cir. 2003)). "In sum, while § 404(k)(1) allows a deduction, § 162(k)(1) bars it." ***GMI***, 554 F.3d at 730. Since the facts of *GMI* do not materially differ from the facts here, *GMI* controls. *See, e.g.*, ***Passmore v. Astrue***, 533 F.3d 658, 660 (8th Cir. 2008) ("'This panel is bound by Eighth Circuit precedent' and cannot overrule an earlier decision by another panel.") (citations omitted).

## B.

In *GMI*, the parties agreed that no exception in § 162(k)(2) applied. *See **GMI***, 554 F.3d at 728. One exception, § 162(k)(2)(A)(iii), provides that §162(k)(1) shall not apply to: "Any deduction for dividends paid (within the meaning of section 561)." Ralston invokes this exception to justify deducting its cash distribution redemptive dividends. Consistent with the cursory briefing, the tax court did not discuss this exception, except to say: "The redemption dividends do not fall within the exceptions provided in section 162(k)." ***Ralston***, 131 T.C. at 35.

Ralston argues that it is claiming a "deduction for dividends paid" within the meaning of § 561. Section 561 refers to §§ 562 and 563 for the rules to determine the deduction-for-dividends-paid. Ralston focuses on the general rule in § 562(a) that the

deduction-for-dividends-paid includes "only dividends described in section 316." Because the parties stipulated that Ralston paid § 316 dividends to the trust, Ralston concludes it paid dividends within the meaning of § 561, and therefore satisfies the § 162(k)(2)(A)(iii) exception.

The parties agree that § 561 does not in itself authorize a deduction, but rather defines a deduction that another section of the Code may authorize. The parties also agree that § 561 defines the deduction-for-dividends-paid for regulated investment companies and real estate investment trusts, and for the purposes of computing the accumulated earnings tax and personal holding company tax. *See* **Treas. Reg.** § 1.561-1(a) (1962) ("The deduction for dividends paid is applicable in determining accumulated taxable income under section 535, undistributed personal holding company income under section 545, undistributed foreign personal holding company income under section 556, investment company taxable income under section 852, and real estate investment trust taxable income under section 857.").

The government interprets the Treasury Regulation as listing the only applications of § 561. Ralston responds that the Treasury Regulation pre-dates §§ 404(k) and 162(k), and still refers to a repealed section of the Code (§ 556). Ralston concludes that the Regulation's list is not exhaustive, and that § 404(k)'s "Deduction for dividends paid on certain employer securities" authorizes a § 561 deduction-for-dividends-paid.

The language of the Code refutes Ralston's conclusion. "The long established plain language rule of statutory construction requires examining the text of the statute as a whole by considering its context, object, and policy." ***Knudsen v. IRS***, 581 F.3d 696, 710 (8th Cir. 2009). Section 162(k)(2)(A)(iii) permits a deduction-for-dividends-paid "within the meaning of section 561." It does not say "within the meaning of section 404(k)." Each Code section listed in the Treasury Regulation expressly incorporates the dividends paid deduction "as defined in section 561." *See* 26 U.S.C.

§§ 535(a), 545(a), 852(a), 857(a). The Code only references § 561 in § 162(k)(2)A)(iii) and in sections implementing the sections that expressly incorporate § 561. *See* 26 U.S.C. §§ 547, 564, 565, 860, 4981, 4982.[1] Section 404(k), which Ralston contends authorizes its deduction, does not reference § 561. "[D]eductions are strictly construed and allowed only 'as there is a clear provision therefor.'" ***INDOPCO, Inc. v. Comm'r***, 503 U.S. 79, 84 (1992), *quoting* ***New Colonial Ice Co. v. Helvering***, 292 U.S. 435, 440 (1934); ***Deputy v. Du Pont***, 308 U.S. 488, 493 (1940). Because § 404(k) does not provide for a deduction-for-dividends-paid under § 561, Ralston does not have a "deduction for dividends paid (within the meaning of section 561)" needed to satisfy the exception in § 162(k)(A)(iii).

"[T]he true meaning of a single section of a statute in a setting as complex as that of the revenue acts, however precise its language, cannot be ascertained if it be considered apart from related sections, or if the mind be isolated from the history of the income tax legislation of which it is an integral part." ***Comm'r v. Engle***, 464 U.S. 206, 223 (1984), *quoting* ***Helvering v. Morgan's Inc.***, 293 U.S. 121, 126 (1934). The conference report on the deduction-for-dividends-paid exception in § 162(k)(2)(A)(iii) indicates the scope of the exception:

### *House Bill*
The House bill provides that no portion of payments by a corporation in connection with a redemption of its stock is deductible . . . .

### *Senate Amendment*
The Senate amendment is generally the same as the House bill, except the provision does not apply to (1) interest deductible under section 163, (2) amounts constituting dividends for purposes of the

---

[1] *See also* 26 U.S.C. § 583 (1954 Code, repealed 1976) (Under the 1954 Code, § 583 allowed banks a deduction for dividends paid on certain preferred stock, expressly referencing § 561.

accumulated earnings, personal holding company, and foreign personal holding company taxes, and for purposes of the regular income tax in the case of regulated investment companies and real estate investment trusts, or (3) otherwise deductible expenses incurred by a regulated investment company that is an open-end mutual fund in connection with the redemption of its stock upon demand of a shareholder . . . .

### *Conference Agreement*

The conference agreement generally follows the Senate amendment, with certain modifications and clarifications . . . .

H.R. Rep. No. 99-841, at II-168 (Conf. Rep. 1986), *reprinted in* 1986 U.S.C.C.A.N. 4075, 4256.  Ralston emphasizes the years-earlier floor statements about § 404(k), reflecting Congress's intent to encourage ESOPs.  The later conference report on § 162(k) trumps the legislative history Ralston cites. *See Sierra Club v. Clark*, 755 F.2d 608, 615 (8th Cir. 1985), *quoting Demby v. Schweiker*, 671 F.2d 507, 510 (D.C. Cir. 1981) ("Because a 'conference report represents the final statement of terms agreed to by both houses, next to the statute itself it is the most persuasive evidence of congressional intent.'").  The conference report confirms the language of the Code. The exception in § 162(k)(2)(A)(iii) applies only where the Code has authorized the taxpayer to take a deduction-for-dividends-paid within the meaning of § 561.  Section 404(k) does not authorize such a deduction.  Therefore, Ralston may not deduct its cash distribution redemptive dividends.

### III.

The judgment of the tax court is affirmed.

_____