# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

Nos. 10-1393/10-1394

———————

| | | |
|---|---|---|
| Gerald W. McPeek; | * | |
| Theresa A. McPeek, | * | |
| | * | |
| Petitioners, | * | |
| | * | Appeals from the United States |
| v. | * | Tax Court. |
| | * | |
| Commissioner of Internal Revenue, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

———————

Submitted: November 19, 2010
Filed: December 2, 2010

———————

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

In these consolidated appeals, Gerald and Theresa McPeek challenge the tax court's[1] adverse grants of summary judgment in their actions seeking redeterminations of their liabilities. Upon careful de novo review, see Nestle Purina Petcare Co. v. Comm'r, 594 F.3d 968, 970 (8th Cir. 2010), cert. denied, 2010 WL 1777410 (U.S. Oct. 4, 2010) (No. 09-1339), we conclude that summary judgment was properly granted, see Bell v. Comm'r, 126 T.C. 356, 358 (2006) (26 U.S.C. § 6330 allows challenges to existence or amount of underlying liability if petitioner did not receive

_____

[1]The Honorable Maurice B. Foley, United States Tax Court Judge.

notice of deficiency or otherwise have opportunity to dispute liability; this statutory preclusion is triggered by opportunity to contest underlying liability, even if opportunity is not pursued).

We further conclude that the tax court did not abuse its discretion in denying the McPeeks' motions under Tax Court Rule 162 to vacate the summary judgment decisions, because they provided no evidence of unusual circumstances or substantial error.  See Intermountain Ins. Serv. of Vail, Ltd. Liability Co. v. Comm'r, 134 T.C. No. 11, 2010 WL 1838297 at *3 (2010) (decision to grant motions to reconsider and to vacate lies within discretion of court; motions to vacate are generally not granted absent showing of unusual circumstances or substantial error, e.g., mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or other reason justifying relief; comparing Rule 162 with Fed. R. Civ. P. 60(b)).

Accordingly, the judgments are affirmed.  See 8th Cir. R. 47B.

_____