# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1605
_____

Conmac Investments, Inc.

*Petitioner*

v.

Commissioner of Internal Revenue

*Respondent*

_____

United States Tax Court

_____

Submitted: January 14, 2025
Filed: June 6, 2025

_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

The Commissioner of Internal Revenue determined that Conmac Investments, Inc. changed its method of accounting without the Commissioner's approval. Conmac petitioned the Tax Court[1], which ruled for the Commissioner. Conmac appeals. Having jurisdiction under 26 U.S.C. § 7482(a)(1), this court affirms.

---

[1]The Honorable Elizabeth Crewson Paris, United States Tax Court.

## I.

Conmac, an Arkansas company, owns, leases, and manages farms. It bought farmland in 2004, 2006 through 2008, and 2010 through 2013. As part of buying the farmland, Conmac negotiated with the sellers to receive rights to "base acres"— the right to receive subsidy payments from the United States Department of Agriculture based on the number of acres assigned to farmland growing specific crops. *See* **7 U.S.C. § 8702(2)**. A farm with base acres can generate more income than a farm with no (or fewer) base acres.

Conmac did not claim deductions for amortization of its base acres on its federal income tax returns for the years 2004 through 2008. Learning that other farmland buyers were allocating part of the purchase price to the value of base-acre payments, Conmac first began amortization of its base acres in 2009. It did not file an "Application for Change of Accounting Method" at any time. Conmac claimed $141,614 in amortization for the years 2009 through 2012. It claimed $48,374 in 2013, and $44,980 in 2014.

The Commissioner disallowed Conmac's amortization. Conmac petitioned the Tax Court. The court ruled that Conmac's decision to amortize base acres was a change in method of accounting that required IRS approval. *Conmac Investments, Inc. v. Comm'r*, T.C. Memo. 2023-40.

This court reviews *de novo* the Tax Court's grant of summary judgment. *Nestle Purina Petcare Co. v. Comm'r*, 594 F.3d 968, 970 (8th Cir. 2010). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc), *citing* **Fed. R. Civ. P. 56(c)(2)**.

II.

Conmac challenges the Tax Court's ruling that its amortization of base acres in 2009 was a change in method of accounting. Generally, once an accounting method is adopted, it may not be changed without the Commissioner's permission. **26 U.S.C. § 446(e)**. A taxpayer changes its method of accounting if it changes "the overall plan of accounting for gross income or deductions or . . . the treatment of any material item used in such overall plan." **Treas. Reg. § 1.446-1(e)(2)(ii)(a)**. A "material item" is "any item that involves the proper time for the inclusion of the item in income or the taking of a deduction." *Id*.

The key issue is whether Conmac changed its method of accounting by beginning to amortize its base acres. The Tax Court relied mostly on the explicit regulation: "a change in the treatment of an asset from nondepreciable or nonamortizable to depreciable or amortizable, or vice versa, is a change in method of accounting." **Treas. Reg. § 1.446-1(e)(2)(ii)(d)(2).** This passage says in full:

> *Changes in depreciation or amortization that are a change in method of accounting*. Except as provided in paragraph (e)(2)(ii)(d)(3) of this section, a change in the treatment of an asset from nondepreciable or nonamortizable to depreciable or amortizable, or vice versa, is a change in method of accounting.

> *Id*.

Conmac argues that the Tax Court ignored the exception: "Except as provided in paragraph (e)(2)(ii)(d)(3) . . . ." This paragraph—and the section it references, (e)(2)(ii)(b)—list changes that are *not* a "change in method of accounting."

Conmac focuses on two changes that are not changes in method of accounting:

> . . . . Also, a change in method of accounting does not include adjustment of any . . . deduction that does not involve the proper time for . . . the taking of a deduction . . . . A change in method of accounting

-3-

also does not include a change in treatment resulting from a change in underlying facts.

**Treas. Reg. § 1.446-1(e)(2)(ii)(b).**

Conmac believes that its changes were not an adjustment involving the time for taking the deduction, but only a change in the characterization of whether the deduction was allowable.

This argument is wrong. If Conmac had continued *not* deducting amortization of the base acres, it would have recovered the original cost at the time of the eventual disposition. By beginning to deduct amortization of the base acres, Conmac changed the time it recovered the original cost by spreading the cost over the years before eventual disposition.

By changing the timing of its cost recovery, Conmac's 2009 change to amortize its base acres changed the timing of the deduction. The cases Conmac cites (which do not consider depreciation or amortization) are inapposite. *See generally* **_Underhill v. Comm'r_**, 45 T.C. 489, 489 (1966) (a case decided before the 1970 revisions to Treas. Reg. § 1.446-1(e), which redefined "material item" to include language about proper time); **_Tate & Lyle, Inc. v. Comm'r_**, 103 T.C. 656, 668 (1994) (addressing a "total exclusion" from gross income), *rev'd on other grounds*, 87 F.3d 99 (3d Cir. 1996); **_Shuster's Express Inc. v. Comm'r_**, 66 T.C. 588, 597 (1976) (addressing a deduction that distorted the taxpayer's total lifetime income), *aff'd*, 562 F.2d 39 (2d Cir. 1977).

Conmac argues that the 2009 change resulted from a change in underlying facts and was therefore not a change in its method of accounting. *See* **Treas. Reg. § 1.446-1(e)(2)(ii)(b).** But Conmac never identifies *underlying* facts that changed. Instead, Conmac, based on the advice of its certified public accountants, realized that base acres might be intangible assets. The Internal Revenue Code has for decades allowed amortization of intangibles—but Conmac first began claiming amortization in 2009. *See* **Treas. Reg § 1.106-3(a)(1)** (authorizing amortization for

-4-

taxable periods since February 28, 1913). Conmac's "subjective misunderstanding of fact or law does not equate" to "a change in underlying facts" within the meaning of the regulation. *See **Pinkston v. Comm'r***, T.C. Memo. 2020-44, at \*22–23.

This case is not like those Conmac cites, where the change in facts were changes of underlying objective facts. *See **Underhill***, 45 T.C. at 496–97 (taxpayer did not change its method of accounting when it complied with the holding of a new case); ***Chesapeake & Ohio Ry. Co. v. Comm'r***, 64 T.C. 352, 383 (1975) (based on new analytical studies and data—and after Congress legalized amortization for later assets—a railroad did not change its method of accounting by depreciating assets previously considered to last indefinitely); ***Southern Pac. Transp. Co. v. Comm'r***, 75 T.C. 497, 807 (1980) (same); ***Kansas City Southern Ry. Co. v. Comm'r***, 76 T.C. 1067, 1155-56 (1981) (same). *See generally **Burlington N. Inc. v. United States***, 676 F.2d 566, 580 (Ct. Cl. 1982) ("Each time [the Tax Court] has examined the question of the depreciability of railroad grading and tunnel bores, it has been careful expressly to limit the ramifications of its decision."); ***Sec. State Bank v. Comm'r***, 111 T.C. 210, 213 (1998) ("The doctrine of stare decisis generally requires that [the Tax Court] follow the holding of a previously decided case, absent special justification."), *aff'd on other grounds*, 214 F.3d 1254 (10th Cir. 2000).

In sum, Conmac does not meet any exception from the explicit rule: "A change in the treatment of an asset from nondepreciable or nonamortizable to depreciable or amortizable, or vice versa, is a change in method of accounting." **Treas. Reg. § 1.446-1(e)(2)(ii)(d)(2).** Conmac failed to secure the Commissioner's approval to change its method of accounting. *See* **26 U.S.C. § 446(e)**; **Treas. Reg. § 1.446-1(e)(2)(i)**.

### III.

A "change in the treatment of an asset from nondepreciable or nonamortizable to depreciable or amortizable (or vice versa) . . . results in a section 481 adjustment." **Treas. Reg. § 1.446-1(e)(2)(ii)(d)(5)(iii)**. In relevant part, Section 481 provides:

**(a) General rule**
   In computing the taxpayer's taxable income for any taxable year (referred to in this section as the "year of the change")—

(1)   if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then

(2)   there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted . . .

This plain language instructs that Section 481 applies only when a taxpayer's income for "the year of the change" is computed using a method different from the one used in the "preceding" year. This occurrence triggers IRS adjustments to prevent duplicated deductions or omitted income.

Conmac argues that the "year of the change" was 2009, when *it* changed the method of accounting from the preceding year. Conmac concludes that the Commissioner should not have included in 2013 income the amortization deductions Conmac took for 2009 through 2012.

Conmac is wrong. The "year of the change" is 2013, when the Commissioner changed Conmac's method of accounting for its base acres—triggering a Section 481 adjustment. "[B]ecause this statute would be virtually useless if it did not affect closed years, courts have uniformly interpreted it to allow adjustments, in the year of change, to reflect adjustments to tax liabilities for years closed by the period of limitations." ***Pinkston v. Comm'r***, T.C. Memo. 2020-55, at \*9–10 (*cleaned up*). *See generally* **Rev. Proc.** 2002-18 (stating the IRS practice to make a § 481(a) adjustment for taxable years that are beyond the statute of limitation).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____